UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FELIPE OTEZE FOWLKES,
                    Plaintiff
vs.                                    CIVIL ACTION #05-11749-JLT
Kathleen Dennehy, ET AL,
                    Defendants.

## Fed.R.Civ.P., Rule 15(a) Amendments:   LEAVE OF COURT NOT REQUIRED

PLEASE TAKE NOTICE THAT:

Plaintiff, Felipe Oteze Fowlkes, a prisoner proceeding pro se and in forma pauperis in the above entitled civil action, hereby amend his complaint pursuant to Fed.R.Civ.P., Rule 15(a), as a matter of course before a responsive pleading is served, by making the following amendments in the complaint at:

* Page 3 paragraph (9).
    DEFENDANT: Christian LaDucia
    OFFICIAL POSITION: Commissioner's Inmate Grievance Reviewer

AMENDED TO READ: Kristie Ladouceur
OFFICIAL POSITION  : Department Grievance Coordinator

The name "Kristie Ladouceur, Department Grievance Coordinator", is designated to replace and mean the same as "Christian LaDucia, Inmate Grievance Reviewer", wherever it appears in other places of the complaint.

-1-                    (Cont. on Reverse Side)

*Page 3 paragraph (i)(1)

DEFENDANT: Luis Spencer
OFFICIAL POSITION: Superintendent of NORFOLK
ADDRESS: MCI-NORFOLK: 2 Clark Street
Norfolk, MA 02056

Superintendent, Luis Spencer, is added as a defendant in the complaint in accord with the statement of facts on page 7 of complaint regarding "All" superintendents of MASS. DOC facilities where plaintiff is likely to be confined, and, in accord with his decisions on grievances mentioned in the amended parts of the complaint.
(See annexed page 3 containing the above amendments)

*Page 12: beginning at the end of the statement of facts on the deprivation and denial of privilege and right to smoke tobacco products.
(See annexed amendment to page 12 beginning at the end of the statement of facts on issue #1 and ending before the statement of facts on issue #2)

*Page 15: beginning at the end of the statement of facts on Inadequate food.
(See annexed amendment to page 15 beginning at the end of the statement of facts on issue #2 and ending before the statement of facts on issue #3)

-ii-

* Page 29: beginning at the end of the statement of facts on 'Protective Custody Program.' (See annexed amendment to page 29 beginning at the end of statement of facts on the issue #13 and ending before the statement of facts on issue #14)

* Page 29 3/4: New page of facts inserted between pages 29 1/2 and 30.

Pursuant to the first sentences of Fed. R. Civ. P., Rule 15(a), I may amend my complaint once as a matter of course at any time before a responsive pleading is served... In that event, leave of the court and written consent of adverse party is not required.

<u>PLEASE ENTER MY AMENDMENTS TO THE COMPLAINT IN THE ABOVE ENTITLED ACTION.</u>

DECLARATION IN LIEU OF NOTARY: 28 USCA 1746: I swear under penalty of perjury **THAT** the foregoing is true and correct, and that I have made the foregoing and annexed amendments to my complaint.
EXECUTED ON: Dec. 8, 2005.   SIGNATURE: Felipe Oteze Fowlkes
FELIPE OTEZE FOWLKES #W84202
NORFOLK: P.O. BOX 43
NORFOLK, MA 02056

written copy: F.O.F.
w/enc.    -iii-

(AMENDED PAGE-3)

f. Defendant: RONALD T. DUVAL
   Official Position: Assistant Commissioner of Administration
   Address: Mass. Dept. of Correction
   50 Maple Street, Suite 3
   Milford, MA 01757

g. Defendant: Kristie Ladouceur
   Official Position: Department Grievance Coordinator
   Address: Mass. Dept. of Correction
   50 Maple Street, Suite 3
   Milford, MA 01757

h. Defendant: Peter Pepe
   Official Position: Superintendent of Concord Prison
   Address: MCI-Concord
   P.O. Box 9106
   Concord, MA 01742

i. Defendant: David Nolan
   Official Position: Superintendent of Cedar Junction
   Address: Cedar Junction Prison
   Box 100
   So. Walpole, MA 02071

i(1). Defendant: Luis Spencer
   Official Position: Superintendent of Norfolk Prison
   Address: MCI-Norfolk: 2 Clark Street
   Norfolk, MA 02056

-3-

Sworn to under penalty of perjury: 12-8-05
[signature]

("AMENDMENT TO PAGE 12 ON SMOKING ISSUE #1")
Continued from page 11 of complaint.

products, and that therefore, not only is he being punished without due process but he is also being discriminated against as a state inmate who is similarily situated with other state and federal inmates. Furthermore, he states that the defendants have refused to issue anti-smoking devises such as non-smoking patches, anti-smoking tablets, Nicoderm and etc., to help curve the physiological affects of nicotine cravings, and that therefore, he's had to suffer from the physiological affects. Additionally, the plaintiff states that he has a First Amendment right to receive, possess and smoke tobacco products outside or in a designated area of Mass. DOC facilities in accord with his Religion of Five Percenters which practices and means that "they are Five Percent of the Muslims who believe in smoking and drinking and/or that they are Five Percent of the Muslim followers of Elijah Muhammad who believe in smoking and drinking" as cited in the files on the Five Percenters maintained by the U.S. Department of Justice, F.B.I..

(Cont. on Reverse side)

F.O.I.A. SECTION AT 935 PENNSYLVANIA AVE., N.W., WASHINGTON, D.C. 20535. HE STATES THAT SMOKING TOBACCO PRODUCTS IS PART OF THE RELIGIOUS PRACTICES OF THE FIVE PERCENTERS which has served to distinguish them from other groups and other muslims and to attract members. THE FIVE PERCENTERS who are also known as the NATION OF GODS AND EARTHS, were recently recognized as a bona fide religion within New York State D.O.C.S. per decision and order of the U.S. District Court for the Southern District of New York in the case of MARRIA VS. BROADDUS, et. Al. 97-CV-82097, through which the "PROTOCOLS FOR SINCERE ADHERENTS OF NATION OF GODS AND EARTHS Religious PRACTICES", were established. Also, upon information and belief, he states that the Defendants allow the "INDIAN INMATES" to smoke outside or in a designated area of MASS. DOC facilities during their religious ceremonies, but have refused to recognize his first amendment right to smoke as well.

(THE END OF STATEMENT OF FACTS ON ISSUE #1, AS AMENDED)

SWORN TO UNDER PENALTY OF PERJURY: 12-8-05;

(AMENDMENT TO PAGE 15 ON INADEQUATE FOOD ISSUE #2)
Continued from page 14 of complaint.

in limbs, pulled muscles, weight loss and crawling empty stomach. He states that the defendants have resisted his requests for an extra tray or extra meal, supplemental multiple vitamins which he could not afford, and compliance with the Public Health law to improve the meals by a daily minimum of 2000 calories of a variety of quality foods. At NORFOLK PRISON, in accord with the Commissioner and other defendants, including Superintendent, Luis Spencer, punitive program policy to punish inmates rather than rehabilitate them, the meals approved by the defendants are the same as those being served throughout MASS. DOC facilities. Not only do they fail to meet the minimum daily requirements of 2000 calories, but as noted by Superintendent, David Nolan, in his final decision on Grievance #11434, the 'average' daily caloric intake required is 2,775 calories. Therefore, the meals approved by the defendants do not

(cont. on reverse side)

provide the plaintiff with sufficient nor adequate food. The BREAKFAST, Lunch and DINNERS At NORFOLK PRISON, AS At all other MASS. DOC facilities managed by the defendants, are repetative. They carry the same or similar inexpensive meals as those set forth on page 13 of the complaint. Appauling meals are still served which appear as though they've been tampered with or spit in. When meals appear that way, there's a possibility that they have been tampered with or spit in, or that they could be, because you can't tell the difference. The meals are still punitively rationed to consist of one burger instead of two; one fish patty instead of two, and one of every sandwich type meat, fish or poultry. Only two hot dogs when dieticians elsewhere recommend three hot dogs. Also, there are no food dressings served with the meals such as mayonaise, tarta sauce, relish, chili, onions, peppers and etc. There are never any jelly served with the breakfast which consist of five types. There are no

deserts such as cakes, cupcakes, muffins, pies and etc., ever served with lunches and dinners. Also, in the Special Management and Administrative Segregation Units, the meals are rarely ever hot.

In addition to refusing to improve the meals, the defendants have also refused to provide holiday meals for New Year's Day; Martin Luther King Jr.'s Birthday; President's Day; Easter Sunday; Evacuation Day; Patriot's Day; Memorial Day; Bunker Hill Day (Suffolk County); Independence Day; Labor Day; Columbus Day; and Veteran's Day, as complained of by the plaintiff in Norfolk's Grievance #13886. The defendants current policy of punishing inmates, limits their facilities to providing only Thanksgiving and Christmas holiday meals.

(THE END OF STATEMENT OF FACTS ON ISSUE #2, AS AMENDED)

Sworn to under penalty of perjury: 12-8-05

(Amendment to Page 29 beginning at the end of Statement of Facts on Page 29 on Protective Custody issue #13)

---

Additionally, plaintiff states that while at Cedar Junction Prison after signing off from Protective Custody in the Administrative Segregation Unit in 10 Block, because he was being punished rather than protected, he was approached by an inmate on July 28, 2005, one-day after being assigned to general population, on the walkway returning from the yard recreation area, and told to get out of general population or he would be assaulted or killed; at which time, he was assaulted by the inmate, and sustained serious head injuries; a fractured nose, and a laceration or cut to the right side of his face, which required emergency treatment in a hospital, where he received stitches on the cut in his face. After the assault, the plaintiff was continually threatened by inmates in the general population and was required to be re-admitted to Protective Custody status in Cedar Junction's Administrative Segregation Units 10 & 9, where he is punished rather than protected and subjected to continual threats and stigmatizations from other inmates. The plaintiff filed Grievance numbers 12310, 12502 and 12574 at Cedar Junction involving the assault, threats, stigmatizations, which he suffered as the result of the defendants lack of a bona fide state protective custody

(cont. on reverse side)

program to protect him rather than punish him. The plaintiff has since been housed-out at Norfolk Prison as a Cedar Junction Boarder under protective custody status in a Special Management Unit, where he has complained by Grievance #13512, of being punished rather than protected as a protected custody inmate, by the deprivations and restrictions on his rights and privileges to a T.V. and Radio in his cell; general canteen items; telephone; use of recreation equipment; contact visits and etc., because of the defendants failure to implement a bona fide state protective custody program to which he could be assigned.

Furthermore, the plaintiff complains that the restrictions contained in the Special Management Unit (S.M.U.) Booklet for inmates under disciplinary sanctions at Norfolk Prison, were applied to him by Superintendent Luis Spencer, who approved and implemented the Rules and Regulations contained in the Booklet, and denied plaintiff's Grievance #13512, for relief from the restrictions. He states that the restrictions contained in Superintendent's Spencer's S.M.U. Booklet should not apply to him because he is under protective custody status, and that their application violates his due process and equal protection rights under the Fourteenth Amendment and his Eighth Amendment right to be free from cruel and unusual punishments.

( The End of Statement of Facts
( on Issue #13, as amended by adding
( to page 29

Sworn to under penalty of perjury: 12-8-05

Page 29 3/4 : (AMENDED NEW PAGE)

## FACTS, CONT.:

The plaintiff states that all of the above named defendants, including the Superintendents, are senior staff members of Massachusetts D.O.C., whose duties include, but are not limited to authorizing, approving and directing the management and operations of the facilities and the Rules and Regulations for inmates therein; management of the inmates and their classifications; programs, including food, clothing, cell-housing, education, health services, recreation, leisure activities, reentry, reintergration and etc., pursuant to the statutory authority conferred under M.G.L. chpt. 120 sec. 10; M.G.L. chpt. 124 sec. 1, and M.G.L. chpt. 127 sec. 88-90, through which such programs and policies complained of by the plaintiff, are promulgated and implemented by them in the 103 CMR and through the facility operations manuals, codes, rules, regulations, and decisions on the plaintiff's grievances and written complaints. Moreover, the defendants punitive program policy to punish inmates, including the plaintiff, by the deprivation of the rights and privileges complained of in this complaint pursuant to a pattern or practice of resistance to the full enjoyment of the rights and privileges, is contrary to the state's laws governing rehabilitation of inmates. The following decisions on

29 3/4 (CONT. ON REVERSE SIDE)

plaintiff's written complaints and grievances which deprives and denies him the aforementioned Rights and privileges, are because of the defendants punitive program policy; the application of which violates his due process and equal protection Rights under the Fourteenth Amendment and his eighth amendment Right to be free from cruel and unusual punishments as well as particular First Amendment Rights. The plaintiff's grievances were and are Reviewed and denied by the defendants through their Department Grievance Coordinator, Kristie Ladouceur.

Sworn to under penalty of perjury:
12-8-05: *[signature]*

29 3/4