UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETT

FELIPE OTEZE FOWLKES,
VS.
KATHLEEN DENNEHY, ET AL

CIVIL ACTION #05-11749-JLT

Fed. R. Civ. P., Rule 15(a) AMENDMENTS:   LEAVE OF COURT NOT REQUIRED

PLEASE TAKE NOTICE, that:

In addition to the December 8, 2005, amendment made by adding facts on the smoking of tobacco issue #1, the plaintiff, FELIPE OTEZE Fowlkes, a prisoner proceeding pro se and in forma pauperis, do hereby submit an additional amendment by adding to that issue the facts set forth in the annexed statement. Please attach that statement of facts to the December 8, 2005, amendment to page 12 on smoking issue which was mailed in a separate envelope.

Next, the amended new page 29 3/4, also dated Dec. 8, 2005, mailed in the separate envelope, contains references to statute under "M.G.L.", which should be referenced under "ANNOTATED LAWS OF MASSACHUSETTS." I have made those corrections in the annexed amended page, which I'm submitting to replace that page, dated 12-9-05.

(cont. on reverse side)

-i-

Accordingly, please Replace page 29 3/4 dated 12-8-05 with the enclosed page 29 3/4, dated 12-9-05.

Pursuant to Fed.R.Civ.P., Rule 15(a), I may amend this complaint by adding the enclosed amendments without leave of court or consent of adverse party who has not been issued the complaint.

Declaration in lieu of Notary pursuant to Title 28 USCA 1746: "I swear under the penalty of perjury that the foregoing is true and correct" and that I have made the foregoing annexed additions to my amendments of the complaint.

Executed on: Dec. 9, 2005.

Signature: /s/ Felipe Oteze Fowlkes

FELIPE OTEZE FOWLKES #W84202
MCI-NORFOLK:
P.O. Box 43
Norfolk, MA 02056

Written copy: F.O.F.
w/enc.

ii

Amendment by Adding to Amended Page on Smoking Issue #1

Furthermore, the plaintiff states that his safety and well-being was jeopardized and is continually threatened by the defendants no-smoking policy because it places to much power in the hands of staff who have been known to pay inmates cigaretts to target, threaten, assault and murder other inmates such as himself because of his conviction charges and/or because a particular staff member is prejudice towards him or does not like him. Consequently, the plaintiff states that he was targeted by other inmates who were paid cigaretts by staff on a number of occasions while at Cedar Junction Prison and brutally assaulted by one of those paid inmates on July 28, 2005, and threatened and insulted by others as a result of Cedar Junction staff payment of cigaretts. Plaintiff also cites a recent murder of an inmate priest by another inmate, which was inspired in part by staff payment of cigaretts, as told to plaintiff on 9-block in Cedar Junction by the inmate who committed the murder. The same inmate was threatening the plaintiff and telling the story of how staff members pays him cigaretts to target certain inmates; particularly

(Cont. on Reverse side)

those convicted of sex crimes. He described a process of how staff were able to look on their mainframe computer, which officers have on each block or tier, and tell him what another inmate's conviction charges were, and that if the inmate had a sex crime, he would be hired with the payment of cigaretts, to get that inmate. Officers would use cigaretts even if inmate don't have a sex crime conviction. Therefore, the defendants have refused to allow the smoking of tobacco products for an impermissible purpose of allowing staff to target and assault inmates by paying other inmates cigaretts to assault them or to assault each other. The defendants knew that this was happening, as complained of by the plaintiff to them in his Dec. 17, 2004, requests to them. (See Exhibit 'A', page '4'.) However, they still refused to restore the smoking of tobacco products to the plaintiff as an inmate and to other inmates, to illeviate the threat and grave risk of danger to inmates. Neither would they allow the plaintiff to receive, possess and smoke tobacco products outside or in a designated area of the facilities.

THE END OF AMENDMENT BY ADDING TO AMENDED PAGE ON SMOKING ISSUE #1

SWORN TO UNDER THE PENALTY OF PERJURY: 12-8-05

Felipe [signature]

Page 29 ¾                    (Amendment to Amended New Page)

## FACTS, cont.:

The plaintiff states that all of the above named defendants, including the Superintendents, are senior staff members of Massachusetts D.O.C., whose duties include, but are not limited to, authorizing, approving, and directing the management and operations of the facilities and the rules and regulations for inmates therein; management of the inmates and their classifications; programs, including food, clothing, cell-housing, education, health services, recreation, liesure activities, reentry and reintergration and etc.; pursuant to the statutory authority conferred under Annotated Laws of Massachusetts Chapters 124; 125 and 127, through which such programs and policies complained of by the plaintiff, are promulgated and implemented by them in their 103 CMR and through the facility operations manuals, codes, rules, regulations, and decisions on the plaintiff's grievances and written complaints. (Ann. Laws of Mass., Chpt. 124 Sec. 1(i)   Moreover, the defendants punitive program policy to punish inmates, including the plaintiff, by the deprivation of the rights and privileges complained of in this complaint pursuant to a pattern or practice of resistance to the full enjoyment

29 ¾          (cont. on reverse side)

enjoyment of the Rights and privileges, is contrary to the State's laws governing Rehabilitation of inmates. (Ann. Laws of Massachusetts chpt. 124 sec. 1(e)(f)(g)(L)(8))

The following decisions on plaintiff's written complaints and grievances which deprives and denies him the aforementioned Rights and privileges, are because of the defendants' Punitive Program Policy; the application of which violates his due process and equal protection Rights under the Fourteenth Amendment and his eighth amendment Right to be free from cruel and unusual punishments as well as particular First Amendment Rights. The plaintiff's grievances were and are Reviewed and denied by the defendants through their Department Grievance Coordinator, Kristie Ladouceur.

---

Sworn to under penalty of perjury: 12-9-05

*[signature]*

29 3/4