UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FELIPE FOWLKES,<br>    Plaintiff,<br><br>v.<br><br>KATHLEEN M. DENNEHY, ET AL.,<br>    Defendants. | )<br>)<br>)   C.A. No. 05-11749-JLT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FURTHER MEMORANDUM AND ORDER

TAURO, D.J.

For the reasons set forth below: (1) The Court will permit all of Plaintiff's claims to proceed as to each named Defendant in the Second Amended Complaint (#12); (2) The clerk shall issue summonses to the Plaintiff to be completed by the Plaintiff and forwarded to the United States Marshal, along with other necessary paperwork required by the United States Marshal for service of process on the Defendants; (3) The United States Marshal is Ordered to bear the costs of service as directed by the Plaintiff; and (4) Defendants' Motion for Extension of Time to file a dispositive motion (#17) is Allowed.

BACKGROUND

On March 16, 2006 a Memorandum and Order (Memo #9) issued directing Plaintiff Felipe Fowlkes ("Fowlkes") to show cause why certain claims and certain Defendants should not be dismissed from this action.[1]  On April 28, 2006 the Plaintiff filed a Response (#11) to the

---

[1] By Memorandum and Order (#9), this Court allowed certain claims of the Plaintiff to proceed with respect to Defendants Dennehy, Nolan, Spencer, and Pepe. Plaintiff was ordered to show cause why all other Defendants should not be dismissed from the action. These other defendants include: Bender, Hall, Marshall, Madden, Duval, LaDouceur, and Aucion.

show cause Memorandum and Order as well as an Amended Complaint ("Second Amended Complaint") (#12).

In addition to attempting to cure the pleading deficiencies in his prior pleadings, Plaintiff's Second Amended Complaint (#12) names additional Defendants to this action.[2] The claims included in the Second Amended Complaint include, *inter alia,* complaints about: (1) the denial of smoking privileges and the ability to purchase or receive tobacco products; (2) inadequate food/lack of nutritious food/type of food served, and lack of holiday meals; (3) inadequate clothing/unsafe clothing; (4) failure to pay him "idle pay" while he is unemployed at the prison; (5) discriminatory and unsafe double bunking/inadequate space per inmate; (6) denial of his right to participate in organizations (such as the N.A.A.C.P.); (7) denial of his right of to participate on the Inmate Liaison Committee; (8) the Defendants' refusal to allow meaningful review and decisions with respect to his inmate grievances/refusal to allow him to participate in the decision-making process; (9) denial of his request to organize a Family Reunion Program, to implement programs for conjugal visits and free state-sponsored bus rides for relatives and

---

[2]In addition to the previously named 11 Defendants, Plaintiff includes additional Defendants to this action. The previously named Defendants included (1) Kathleen M. Dennehy, Commissioner of Corrections; (2) James R. Bender, Deputy Commissioner; (3) Timothy Hall, Assistant Deputy Commissioner; (4) John Marshall, Jr. Assistant Deputy Commissioner/Acting Superintendent, MCI-Cedar Junction; (5) Veronica Madden, Associate Commissioner of Reentry and Reintegration; (6) Ronald T. Duval, Assistant Commissioner of Administration; (7) Kristie LaDouceur, Commissioner's Inmate Grievance Reviewer; (8) Peter Pepe, Superintendent of Concord Prison; (9) David Nolan, Superintendent of Cedar Junction; (10) Ann Marie Aucion, Inmate Grievance Coordinator; and (11) Luis Spencer, Superintendent of MCI-Norfolk. The additional Defendants include: (1) Daniel Sullivan, Correctional Officer at MCI Cedar Junction; (2) Kimberly Kenney, Correctional Officer as MCI Norfolk; (3) Lois Russo, Superintendent, Souza-Baranowski Correctional Center; (4) John Luongo, Deputy Superintendent, MCI Cedar Junction; (5) Darrin C. Payne, Correctional Officer, MCI Cedar-Junction; (6) Mr. Anderson, Deputy Superintendent for Classification of MCI Concord; (7) Karen DiNardo, Director and Deputy Superintendent for Classification at MCI Concord; (8) Correctional Officer Pare, MCI Concord; (9) Correctional Officer Dragone, MCI Concord; and (10) unknown Defendants to be named later.

friends to visit.  Plaintiff complains the visitation schedule in effect is inadequate and violates his religious beliefs as a member of the Five Percenters; (10) denial of the right to purchase cassette players or music tapes by mail, or to receive speeches, lectures, and other political and educational materials on cassette tapes; (11) denial of access to pornographic materials; (12) deprivation of a color televison/in-cell color television policy discriminates against him as an indigent inmate; (13) failure to have a protective custody program in place; (14) failure to provide a safe and secure prison in the operation and treatment of inmates, prevention of racial and gang violence; (15) denial of protective custody and assaults by staff.[3]

## DISCUSSION

The Court finds that Plaintiff Fowlkes has made a concerted effort to respond to this Court's Memorandum and Order (#9) to establish his numerous claims against a multitude of Defendants.  However, the Court also finds the Second Amended Complaint to be on the cusp with respect to the pleading requirements under Fed. R. Civ. P. Rule 8(a).  Notwithstanding these continued pleading deficiencies, the Court finds Plaintiff has set forth at least some cognizable § 1983 claims with respect to, *inter alia*, health and safety conditions of confinement, and First Amendment claims.  At this juncture in the proceedings, the considers that further briefing on these issues are necessary to determine the sufficiency and merits of Plaintiff's claims.

Accordingly, this Court will not dismiss Plaintiff's claims pursuant to 28 U.S.C.

---

[3] Plaintiff details an alleged assault by correctional officers that occurred at MCI Concord on December 19, 2004. Second Amended Complaint (#12) at 29-E.  He alleges that Correctional Officer Pare "forced plaintiff to the floor in a head lock and commenced to strangle plaintiff." Id. at 29 F.  Another unnamed correctional officer, along with Officer Pare, began "punching plaintiff in the head, face, [and] back." Id. The plaintiff claims he suffered injuries from this assault including: an injury to his left eye, injuries to his head, face, and back. Id. When this assault ended, Plaintiff claims that Correctional Officer Dragone pulled him to his feet using a "black strap" wrapped around his neck. Id.   He contends that this assault caused him to be "strangled" until he "passed out in the hallway." Id. at 29 G.

§ 1915, but will permit Plaintiff's Second Amended Complaint to proceed with respect to all claims and all Defendants. This is without prejudice to any Defendant moving for a more definite statement pursuant to Fed. R. Civ. P. 12(e)[4] if necessary, or to filing a dispositive motion with respect to any Defendant(s).

The Second Amended Complaint (#12) shall be the operative pleading in this action, and Plaintiff shall not file any further Amended Complaints absent leave of Court to do so upon good cause shown. Defendants' Motion for Extension of Time to file a dispositive motion (#17) is Allowed. A dispositive motion shall be filed within 45 days of the date of this Memorandum and

Order.

The clerk shall issue summonses to the Plaintiff to be completed by the Plaintiff and forwarded to the United States Marshal, along with other necessary paperwork required by the United States Marshal for service of process on the Defendants. It is Further Ordered that the United States Marshal shall bear the costs of service as directed by the Plaintiff. Notwithstanding the Order for the United States Marshal to bear the costs of service, Plaintiff is advised that it is his responsibility to ensure proper and timely service of process on each of the

---

[4]Rule 12(e) provides:

> Motion for More Definite Statement. If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Fed. R. Civ. P. 12(e).

Defendants. Failure to do so may result in a dismissal of all or part of Plaintiff's claims.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED that:

1. All of Plaintiff's claims are allowed to proceed as to each named Defendant in the Second Amended Complaint (#12);

2. The clerk shall issue summonses to the Plaintiff to be completed by the Plaintiff and forwarded to the United States Marshal, along with other necessary paperwork required by the United States Marshal for service of process on the Defendants;

3. The United States Marshal is Ordered to bear the costs of service as directed by the Plaintiff; and

4. Defendants' Motion for Extension of Time to file a dispositive motion (#17) is Allowed. A dispositive motion shall be filed within 45 days of the date of this Memorandum and Order.

SO ORDERED.

/s/ Joseph L. Tauro
JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE

DATED: July 26, 2006: