# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE
2006 AUG 23 P 2: 11
U.S. DISTRICT COURT
DISTRICT OF MASS.

FELIPE OTEZE FOWLKES,
        PLAINTIFF,

VS.

KATHLEEN M. DENNEHY, ET AL.,
        DEFENDANTS.

05-CV-11749 (JLT)

---

**MOTION TO AMEND THE COMPLAINT PURSUANT TO FED.R.CIV.P., RULE 15(a) AND THAT SUMMONSES BE ISSUED TO SERVE THE AMENDED PAGES ON ALL DEFENDANTS AND THE ENTIRE COMPLAINT ON THE ADDITIONAL DEFENDANTS MENTIONED IN THE AMENDED PAGES.**

---

    THE PLAINTIFF, FELIPE OTEZE FOWLKES, PRO SE, do hereby MOTION THIS COURT PURSUANT TO FED.R. CIV.P., RULE 15(a), to AMEND THE COMPLAINT UPON good CAUSE, by ADDING THE ATTACHED PAGES NUMBERED "14-E" AND "29-I" to the COMPLAINT AND BY INTERLINEATING PRAYERS FOR RELIEF PERTINENT to ISSUES being AMENDED ON ATTACHED PAGES 41 UNDER ROMAN NUMERAL iv AND 42 UNDER ROMAN NUMERAL vi of the COMPLAINT. (SEE ATTACHED PAGES)

    THE PLAINTIFF FURTHER REQUEST AS PART OF this MOTION, that SUMMONSES BE ISSUED FOR SERVICE OF THE "AMENDED PAGES ONLY" ON EACH OF THE DEFENDANTS ON WHOM SUMMONSES HAVE

-1-

(CONT. ON REVERSE SIDE)

ALREADY BEEN ISSUED FOR SERVICE OF THE SECOND AMENDED COMPLAINT, which ARE:
(1) KATHLEEN M. DENNEHY (2) PETER PEPE (3) DAVID NOLAN (4) LUIS SPENCER (5) ANN MARIE AUCION (6) JAMES R. BENDER (7) TIMOTHY HALL (8) JOHN MARSHALL (9) JOHN MARSHALL, JR. (10) VERONICA MADDEN (11) RONALD T. DUVAL (12) KRISTIE LADOUCEUR (13) DANIEL SULLIVAN (14) KIMBERLY KENNEY (15) LOIS RUSSO (16) JOHN LUONGO, JR. (17) DARRIN C. PAYNE (18) MR. (Scott) ANDERSON (19) KAREN DiNARDO (20) STEPHEN PARE (21) C.O. DRAGONE (22) UNNAMED DEFENDANT NOW KNOWN AS C.O. MARTIN.

According to AFFIDAVIT OF SERVICE BY MAIL, dated July 31, 2006, A COPY OF which IS ATTACHED HERETO AS A "CERTIFICATE OF SERVICE," the SECOND AMENDED COMPLAINT, SUMMONSES and All other NECESSARY PAPERWORK REQUIRED BY U.S. MARSHAL SERVICE, WAS FORWARDED TO U.S. MARSHAL BY THE PLAINTIFF ON July 31, 2006, FOR SERVICE ON ALL OF the Above NAMED DEFENDANTS, FOUR OF which WERE SERVED BY THE MARSHAL'S SERVICE PRIOR TO THE OTHER 18, which EQUALS 22 ALTOGETHER.

THEREFORE, with RESPECT TO THESE 22 DEFENDANTS, the plaintiff REQUEST THAT SUMMONSES BE ISSUED TO SERVE THEM WITH ONLY THE COPIES OF THE ATTACHED AMENDED PAGES NUMBERED "14-E", "29-I", "41 AND 42", which CAN be easily INSERTED INTO THE SECOND AMENDED COMPLAINT which EACH OF THEM ALREADY HAVE OR ARE ABOUT TO RECEIVE FROM U.S. MARSHAL SERVICE. THE "EXHIBITS" ARE ALPHABETIZED TO ATTACH TO THE EXHIBITS ALREADY IN THE COMPLAINT.

-2-

ADDITIONAL DEFENDANTS.

NEXT, the PLAINTIFF REQUESTS AS PART OF THIS MOTION, THAT SUMMONSES FOR SERVICE OF THE ENTIRE SECOND AMENDED COMPLAINT WITH THE AMENDED PAGES, BE ISSUED AGAINST ADDITIONAL DEFENDANTS NAMED: (A) C.O. Thomas M. Tocci, (B) C.O. Ryan M. Carney, (C) C.O. Langley, (D) P/C Unit SEARGENT, Kevin Bouley, (E) DEPUTY SUPERINTENDENT, ANTHONY MENDONSA (F) DIRECTOR OF SECURITY, MR. Vidal, (G) DIRECTOR OF TREATMENT, LYNN CHERNESKY, (H) Food Service Manager, CHOMO, And (I) UNKNOWN Kitchen Cooks to be NAMED LATER, All OF whom ARE At SOUZA-BARANOWSKI Correctional CENTER, P.O. Box 8000, Shirley, MA 01464, ON THE BASIS OF THE ISSUES SET FORTH IN THE AMENDED PAGES ATTACHED HERETO, INWHICH THEY ARE MENTIONED.

GOOD CAUSE SHOWN.  THE PLAINTIFF SHOWS THAT THE FACTS SET FORTH IN THE AMENDED PROPOSED PAGES ATTACHED HEREWITH, DEMONSTRATES GOOD CAUSE FOR THE AMENDMENTS. FURTHERMORE, PLAINTIFF SHOWS THAT ON PAGE 23 OF HIS APRIL 24, 2006, SHOW CAUSE ARGUMENTS, he CiTED THE FACTS THAT he would BE UNABLE TO AFFORD SHOWER SHOES, SHAMPOO, DEODORANTS AND OTHER BASIC HYGEINIC ITEMS DUE TO DEPRIVATION OF IDLE PAY. IT IS NECESSARY TO RAISE THAT ISSUE SEPARATELY INORDER TO OBTAIN RELIEFS.  THE PLAINTIFF HAS INTERLINEATED BY AMENDMENTS, THE RELIEFS REQUESTED UNDER

-3-        (cont. on Reverse side)

PARAGRAPH Vi ON PAGE 42 OF THE COMPLAINT UNDER the PRAYER FOR RELIEF ON THE ISSUE OF "IDLE PAY." Similarly, the AMENDMENTS REQUESTED ON FOOD CONTAMINATIONS AND INSUFFICIENT SUGAR ARE directly RELATED TO PLAINTIFF'S ISSUES ON PROTECTIVE CUSTODY AND INADEQUATE FOOD. MOREOVER, PLAINTIFF'S NEEDS FOR BASIC HYGEINIC ITEMS AND CLEAN, ADEQUATELY SUFFICIENT FOODS, (including SUGAR) demonstrates Good CAUSE FOR THE AMENDMENTS.

WHEREFORE, IT IS RESPECTFULLY REQUESTED THAT THE COURT GRANT THIS MOTION AND SPECIFY IN ITS ORDER THAT THE ABOVE twenty-two (22) DEFENDANTS BE SERVED 'WITH ONLY THE AMENDED PAGES' TO INSERT IN THEIR SECOND AMENDED COMPLAINT WHICH THEY'VE BEEN SERVED OR ARE ABOUT TO BE SERVED WITH, WHILE THE ADDITIONAL DEFENDANTS BE SERVED WITH THE ENTIRE SECOND AMENDED COMPLAINT AND THE AMENDED PAGES PERTAINING TO THEM.

DATED: Aug. 22, 2006    RESPECTFULLY SUBMITTED,

Felipe Oteze Fowlkes
FELIPE OTEZE FOWLKES #W84202
SOUZA-BARANOWSKI CORR. CTR.
P.O. BOX 8000: SHIRLEY, MA 01464

- CERTIFICATE OF SERVICE -

I, FELIPE OTEZE FOWLKES, PLAINTIFF, PRO SE, HEREBY CERTIFY THAT ON THIS 22 DAY OF August 2006, I CAUSED A TRUE COPY OF THE FOREGOING MOTION TO AMEND WITH SUPPORTING DOCUMENTS AND COPY OF THE AMENDMENTS, TO BE SERVED ON COUNSEL FOR THE DEFENDANTS, DARYL F. GLAZER, LEGAL DIVISION, D.O.C., 70 FRANKLIN ST., SUITE 600, BOSTON, MA 02110-1300.
DATED: Aug. 22, 2006.

Felipe Oteze Fowlkes
FELIPE OTEZE FOWLKES #W84202
PRO SE

-4-

FOOD CONTAMINATION AND INSUFFICIENT SUGAR.

AS PART OF the issue on "INADEQUATE FOOD", the plaintiff FURTHER COMPLAINS THAT SINCE HIS ASSIGNMENT TO THE PROTECTIVE CUSTODY UNIT AT SOUZA-BARANOWSKI PRISON IN December 2005 until present (August 2006), his MEALS, INCLUDING the open CONTAINER dRANKS (i.e., KoolAids And COFFEE), prepared IN the PRISON'S Kitchen And SENT TO the Unit, HAVE BEEN tampered with. HE STATES that OCCASSIONALLY he hAS observed And tAsted spit, mucous, URINE, FECES And other bodily excRETIONS IN the meals which ARE ALSO OCASSIONALLY UNDER OR OVER COOKED And MADE TO APPEAR APPALLING. HE STATES that the CONTAMINATIONS THREATENS HIS HEALTH And LIFE BECAUSE THEY CAN CAUSE ULCERS, gAll- stones And stomach CANCERS from bAcTERIAL BUILD-UP. PLAINTIFF STATES THAT INMATES ASSIGNED TO THE PROTECTIVE CUSTODY UNIT, INCLUDING HIMSELF, ARE ENTITLE TO PROTECTION from INMATES IN GENERAL POPULATION And THAT THE PROTECTION INCLUDES PROTECTION OF HIS PERSON, PROPERTY And FOOD, BUT THAT HIS FOOD IS NOT BEING PROTECTED BY SUPERINTENDENT RUSSO, And HER DIRECTOR OF SECURITY MR. VidAL, P/c UNIT SEARGEANT KEVIN BAiley, C.O. LANGLEY, And FOOD SERVICE MANAGER, NAMED "CHOMO" BECAUSE STAFF members And INMATES IN the GENERAL POPULATION WHO ARE ENEMIES TO the plaintiff And OTHER INMATES ASSIGNED TO J-1 P/c UNIT, ARE Allowed TO prepare, And handle his MEALS which ARE Routed From the kitchen ON TRAYS IN A FOOD SERVICE STORAGE CONTAINER. Commissioner DENNEhy, Supt. RUSSO, DIR. OF SECURITY, VidAL, And FOOD SERVICE MANAGER, CHOMO, promulgated the RULES And REGULATIONS FOR THE OPERATION OF the PROTECTIVE CUSTODY UNIT WHICH INCLUDES THE FOOD SERVICE, BUT REFUSES And HAVE FAiled TO TAKE MEASURES TO PROTECT his FOOD From CONTAMINATION BY STAFF And OTHER INMATES. The plaintiff complained TO RUSSO IN A 3-10-06 LETTER

"14-E"    (cont. on REVERSE side)

ANNEXED HERETO AS EXHIBIT "K" OF COMPLAINT. HE ALSO FILED A GRIEVANCE #19102, A COPY OF WHICH IS ANNEXED HERETO AS EXHIBIT "L" OF THE COMPLAINT, WHICH WAS DENIED BY C.O. RYAN M. CARNEY, WHO ACKNOWLEDGED THAT THINGS COULD HAPPEN TO THE FOOD. HIS DECISION WAS APPEALED TO SUPT. RUSSO; A COPY OF WHICH IS ANNEXED HERETO AS EXHIBIT "M" OF THE COMPLAINT, AND WHICH IS LIKELY TO BE DENIED AGAIN BY SUPT. RUSSO, AFTER-WHICH IT WILL BE REVIEWED AND DENIED BY COMMISSIONER DENNEHY AND HER IGR, KRISTIE LADOUCEUR. ON PAGE '3' OF THE 6-24-06 GRIEVANCE #19102, THE PLAINTIFF SOUGHT TO HAVE THE MEALS MONITORED TO PREVENT THEM FROM BEING TAMPERED WITH BY STAFF AND INMATES WHO ARE ENEMIES TO HIM AND OTHER P/C INMATES. HE HAD ALSO COMPLAINED ABOUT THE MEALS BEING SPIT IN AND TAMPERED WITH. █ THUS FAR, HIS COMPLAINTS AND GRIEVANCES ABOUT THE MATTER ARE ALL DENIED.

INSUFFICIENT SUGAR. THE PLAINTIFF STATES THAT ONLY FOUR(4) SMALL PACKS OF REGULAR SUGAR ARE BEING SERVED TO HIM BY THE FOOD SERVICE MANAGER, CHOMO, C.O. LANGLEY, SEARGENT BOULEY AND SUPT. RUSSO, WHEN COLD OR HOT CEREALS AND COFFEE ARE SERVED FOR BREAKFAST. HE ALSO STATES THAT COMMISSIONER DENNEHY HAS PREPARED, ██ DEVELOPED AND APPROVED THE MENU WHICH ALLOWS FOR ONLY 4 (FOUR) SMALL PACKS OF SUGAR AND THAT NOT ONLY IS THE 4 PACKS INSUFFICIENT TO SWEETEN BOTH THE CEREALS AND COFFEE WHICH ARE NOT PRE-SWEETENED, BUT THE INSUFFICIENCY ALSO AFFECTS THE OVERALL ██ REQUIRED DAILY MINIMUM CALORIC INTAKE WHICH HAS RENDERED D.O.C. DAILY MEALS DEFICIENT. CONSEQUENTLY, HE STATES THAT HE IS ENTITLED TO A SUFFICIENT AMOUNT OF SUGAR BUT HAS BEEN DENIED BY THOSE DEFENDANTS. FURTHERMORE, HE STATES THAT HIS WRITTEN REQUESTS FOR MORE SUGAR TO SUPT. RUSSO DATED 7-20-06, AND ANNEXED HERETO AS EXHIBIT "N", WAS DENIED BY HER. HIS GRIEVANCE #20230 DATED 8-6-06, ANNEXED HERETO AS EXHIBIT "O", FOR MORE SUGAR WAS DENIED BY C.O. RYAN M. CARNEY. ON 8-13-06, PLAINTIFF APPEALED GRIEVANCE #20230 TO SUPT. RUSSO, A COPY OF WHICH IS ANNEXED HERETO AS EXHIBIT "P", WHICH SHE HAVE AND WILL DENY, AFTERWHICH IT WILL BE REVIEWED AND DENIED BY DENNEHY AND KRISTIE LADOUCEUR.

14-E, ██

18. DENIAL OF SUFFICIENT INDIGENT HYGEINIC ITEMS.

The plaintiff states that as a result of the named defendants, Kathleen Dennehy, et al., illegal punitive program policy to punish inmates, including him, rather than rehabilitate them, as stated on pages 6 to 10 of the complaint, he has been and is being denied sufficient indigent hygeinic items as an indigent inmate.

He states that since his incarceration at Souza-Baranowski in December 2005, he has not been provided with a sufficient amount of soap, toothpaste, classic long-handle toothbrush, razors, deodorant, shampoo, shaving cream, and shower slippers, by unit seargent Kevin Bouley, and C.O. Langley. Both Bouley and Langley are responsible for providing plaintiff with indigent hygeinic items, but have failed to provide him with a sufficient amount of soaps and have only given him one small sample sized 1.5 oz tube of toothpaste, a thumbsized toothbrush, and two disposable razors, which they issue only once per month and which would not last from one month to the next. They did not and have never provided plaintiff with deodorant, shampoo, shaving cream and shower slippers, because they claim that indigent inmates are not entitled to receive those items. Bouley and Langley have also denied plaintiff a money paying job on the unit.

Although plaintiff tries to ration his soaps by limiting his showers to 3 times a week, the soap is still used up far less than a month's time because he had to use the soap as shampoo, shaving cream and to wash his hands and face. The small sample sized tube of toothpaste would barely last one week and the thumb-sized toothbrush makes it impossible to brush his teeth without being susceptible to germ from placing his hands in his mouth. The razors are disposables are not designed to last for a month. Therefore, in addition to not receiving deodorant, shampoo, shaving cream and shower slippers, he goes

"29-I"     (cont. on reverse side)

without any hygeinic items for several weeks before the next issue. Since Bouley and Langley does not keep a signed record of the monthly issue, some months they did not give him anything or very little of what they claim he is to get. As a result, plaintiff made oral and written requests between January and March 2006, to the Director of Treatment, Lynn Chernesky and Deputy Superintendent, Anthony Mendonsa, for such indigent hygeinic items but was denied by them on the grounds that D.O.C. policy under 103 CMR 403 (and/or etc.) as applied by them, allows an indigent inmate only one small 1.5 oz sample tube of toothpaste, thumb-sized toothbrush, a soap and a razor once per month in what they call a "ditty bag". Plaintiff then wrote a request to Superintendent Lois Russo, dated March 10, 2006, a copy of which is annexed hereto the complaint as Exhibit "K", complaining about the lack of the items and that Chernesky and Mendonsa had denied him the indigent hygeinic items. Russo then fowarded the March 10, 2006, letter of complaint back to Chernesky and Mendonsa, both of whom again denied plaintiff's requests for sufficient indigent hygeinic items. A copy of Mendonsa's March 14, 2006, respone is annexed to the complaint as Exhibit "Q", and a copy of Chernesky's March 16, 2006, response is annexed hereto the complaint as Exhibit "R". Consequently, plaintiff is unable to maintain proper body and dental hygeine which affects his health.

Plaintiff filed an Inmate Grievance #20089, dated 7-27-06, a copy of which is annexed to this complaint as Exhibit "S". C.O. Thomas M. Tocci serving as IGC, denied him the reliefs sought in the grievance, which was appealed to Supt. Russo on 8-13-06, a copy of which is annexed hereto the complaint as Exhibit "T"; where due to D.O.C. policy, it will again be denied by Russo, at which time it becomes subject to review by Dennehy and Kristie Ladouceur, both of whom will also deny the reliefs sought in grievance appeal.

29-I

PRAYER FOR RELIEF, CONT.:

the MEALS include A VARIETY of fresh fruits and fresh vegetables AND deserts with the lunch and dinner such as cakes, cupcakes, muffins, pies AND etc. AND, such other AND further CORRECTIVE MEASURES AS the COURT deems APPROPRIATE to ENSURE that the defendants PROVIDE ADEQUATE food PER MEAL AND NOT punitively RATioned MEALS. Also, holiday MEALS.

* ORDER DIRECTING DEFENDANTS TO PROTECT J-1 P/C UNIT FOOD THAT IS BEING HANDLED BY GENERAL POPULATION STAFF AND INMATES TO PREVENT CONTAMINATION AND/OR PROVIDE P/C FOOD SERVICE PROGRAM OR HERMATICALLY SEALED MEALS AND DRINKS, AND THAT DEFENDANTS BE DIRECTED TO PROVIDE SUFFICIENT SUGAR FOR BREAKFAST MEALS IN WHICH HOT OR COLD CEREALS AND COFFEE ARE SERVED.

V. ORDER directing the defendants to provide the plaintiff with Adequate clothes such as PANTS with pockets AND ZIPPERS; button-up Shirts (long AND short sleeves) with NAME tags AND NUMBER on pockets RATHER thAN DOC letters on the bACK; brief UNDERWARE; formal dress shirt, SWEATshirt, SKI-COAT AND boot-shoes together with such other AND further CORRECTIVE MEASURES AS the COURT deems APPROPRIATE to ENSURE that the defendants PROVIDE Adequate clothes.

V½. ORDER directing the defendants to provide A SAFE AND SECURE PRISON ENVIRONMENTS by discouraging ethnic And gAng violence Amongst inmates by enforcing seat-by-line, mess hall formation; RECREATION equipment And security in prison yard And its wAlkwAys; by mAximum or increAsed penAlty for inmate on inmate ASSAULTS And initiated fights including mandatory criminal chArges, And the Above RIghts, privileges And programs As incentives for good behAvior.    -41-    (CONT. ON REVERSE SIDE)

PRAYER FOR Relief, cont.:

vi. ORdER directing the defendants to provide the plaintiff with idle PAy when he is available to work OR pROgRAM but is NOt assigned work OR pROgRAM, ANd that the idle pAy be deducted AS A percentage OR pORtion fROm the money which is provided to the defendants fOR his education, VOCATIONAl ANd WORk pROgRAMS. ANd, that the defendants MAke A pROVISION iN its 103 CMR gOVerNiNg idle pAy.* And ORdER directing defendants to pROVide plaintiff with sufficient iNdigent HygeiNic iTems such As SOAPS, TOOTHPASTE, ClASSIC lONg-HANdle TOOTHBRUSH, RAZORS, DEORDORANT, SHAMPOO, SHANING CREAM ANd SHOWER SLIPPERS, ANd THAT defeNdants EIther INtERPRET OR MAke A PROVISION iN THEIR 103 CMR fOR SUCH ITEMS TO BE ISSUED TO INDIGENT INMATES SUCH AS PLAINTIFF IN A TIMELY AND CONSISTENT MANNER.

Vii. ORdER directing the defendants to eliminate double bunking within MASS.DOC facilities which would ALsO eliminate the pRACTICE of RACIAL SegRegATiON (discriminAtiON) in the defendants double bunking pROCess.

Viii. ORdER directing the defendants to Allow the plaintiff the first AmeNdment Right OR pRIVilege of ASSOCIATION with other iNMATES AS AN INMATE ORGANIZATION called the N·A·A·C·P·, ANd that the defendants MAke A pROVISION iN their 103 CMR fOR INMATE ORGANIZATIONS, ANd/OR comply with 103 CMR 485.   -42-

EXHIBIT "K"

MARCH 10, 2006

To: Superintendent, Lois Russo

FROM: FELIPE FOWLKES #W84202   J-1 #9

IN Re: Indigent Inmate REQUESTS

Dear Superintendent:

Both myself and PASTOR JOHNSON have been seeking to RESOLVE my inability to ever Receive Canteen Food items and hygienic items which include shower slippers, due to my on-going indigent Status.  I've been an indigent inmate in need of protective custody Status since I was received in MASS. DOC in September 2004.  Despite my repeated requests for protection and numerous grievances, it took DOC over 15 months to place me in your unit.

To RESOLVE the problems which have Resulted from my indigency, PASTOR JOHNSON directed me to make written requests to the Director of TREATMENT, CHERNESKY, and Deputy Superintendent, MENDOZA; both of whom, denied my requests for the food and hygienic items.  Consequently, PASTOR JOHNSON directed me to write to you for those Allocations.
FOR those REASONS, I TRUST that you will respond directly to this REQUEST RATHER than foward it to those STAFF members.

-1-

-2-

EXHIBIT "K"

For the most part, due to my indigency and the rationed punitive meals which are oftentimes tampered with, I requested that the Director of Treatment and/or Deputy Superintendent Mendoza, provide me with at least a jar of Peanut Butter and Jelly together with any of the variety of snack items and breakfast cereals. I proposed that the items should come from the canteen's surplus, through charity, or could be charged negatively against my inmate account (loan).

I also requested hygienic items such as: Deodorant, Shampoo, (milder soap due to skin irritation or stronger lotion) classic toothbrush, fingernail clippers and shower slippers; all of which are necessary to maintain my hygiene.

WHEREFORE, it is respectfully requested that you direct these provisions be made to me due to my past and on-going indigency and because, although I've requested work, it would be quite some time before a job could be made available to me in this P/C unit.

Written copy: f.f.

Very truly yours,

Felipe ~~~

FN. I've also requested Repeatedly, earphones for my "Loner T.V." which I still have not received.

-2-

EXHIBIT "L"

FORM "A"

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF CORRECTION
INMATE GRIEVANCE FORM

#19102

| INMATE'S NAME: | INMATE'S #: | DATE: |
|---|---|---|
| FELIPE FOWLKES | W84202 | 6/24/06 |

| INSTITUTION: | DATE OF INCIDENT: |
|---|---|
| SOUZA- BARANOWSKI  #19102 | 6/24/06 |

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. Check off a grievance type that best describes your grievance in Block A.
3. In Block B, give a brief and understandable summary of your complaint/issue.
4. List any actions you may have taken to resolve this matter in Block C. Be sure to include the identity of staff members you have contacted.
5. Provide a Requested Remedy in Block D.

**A.** Check off one grievance type only (Listed on reverse side). When filing an Emergency Grievance select Emergency and one additional grievance type.

_____ EMERGENCY

**B.** Give a brief and understandable summary of your complaint/issue. Additional paper may be used, if necessary. THE GRIEVANT COMPLAINS THAT SINCE HIS INCARCERATION WITHIN MASS. D.O.C. AT CONCORD ON SEPT. 17, 2004; CEDAR JUNCTION ON JAN. 27, 2005; NORFOLK ON SEPT. 2005; SOUZA-BARANOWSKI P/C UNIT IN DEC. 2005, AND CURRENTLY ON JUNE 24, 2006, his MEALS WERE AND ARE PUNITIVE IN NATURE IN THAT THEY ARE designed to punish him by being repetative, INSUFFICIENT, Not edible because of tampering, OVER AND UNDER COOKED, AND FAR below THE AVERAGE AND MINIMUM daily CALORIC INTAKE REQUIREMENTS. Public HEALTH LAW REQUIRES THE AVERAGE OF 2,700 CALORIES PER DAY PER HUMAN FOOD CONSUMPTION. THE MINIMUM IS 2000 CALORIES.  ← (cont. on Attached PAGE) →

**C.** List any action taken to address/resolve this matter. Include the identity of staff members you have contacted.

SEE ATTACHED PAGE Citing C.O. BLUE AND C.O. BLANCHARD

**D.** Provide your Requested Remedy.

SEE REVERSE SIDE OF ATTACHED PAGE

Inmate's Signature _Felipe Stone_                    Date: 6-24-06

Staff Recipient _____        -1-        Date: _____

**\*\*DENIED GRIEVANCES MAY BE APPEALED TO THE REVIEWING AUTHORITY WITHIN 10 BUSINESS DAYS.**
(Inmate receipts/responses will be generated via the Inmate Management System.)

**Block A. Continued   (SELECT ONE TYPE ONLY)**

_____ ADA
_____ ASSAULT
_____ CANTEEN
_____ CIVIL RIGHTS VIOLATIONS
_____ DENIAL/RESTRICTION OF PRIVILEGES
_____ EMERGENCY
_____ FOOD
_____ GRIEVANCE PROCESS
_____ HAIRCARE
_____ HARASSMENT
_____ INMATE ACCOUNTS
_____ LAUNDRY
_____ LAW LIBRARY
_____ MAIL/GENERAL
_____ MAIL/LEGAL
_____ MEDICAL ACCESS
_____ NEW RELIGIOUS REQUEST
_____ OTHER
_____ PHONE/GENERAL
_____ PHONE/LEGAL
_____ PHYSICAL PLANT
_____ POLICY
_____ PROCEDURE
_____ PROGRAM ACCESS
_____ PROPERTY
_____ PUBLICATIONS
_____ RELIGION
_____ REPRISAL FOR GRIEVANCE/COMPLAINT
_____ RETALIATION
_____ SEARCHES/INSTITUTION
_____ SEARCHES/TAC TEAM
_____ SENTENCE COMPUTATION
_____ SMU/DDU OPERATIONS
_____ STAFF MISCONDUCT
_____ STAFF SEXUAL MISCONDUCT W/INMATES
_____ SUSUPENSION OF NORMAL OPERATIONS
_____ UNIT OPERATIONS
_____ USE OF FORCE
_____ VERBAL ABUSE
_____ VISITS

19102
grievance

EXHIBIT "L"

Complaint/Issue, cont.:

The grievant complains that on 6-24-06, the breakfast served consisted of grits or farina which had been spat (spit) in and was overcooked and only included 1½ of a thin slice of a Thomas English muffin bread. He complains that there are only five types of breakfast meals being served in a 7-day week and that this breakfast meal is served no less than twice a week as are some of the other breakfast meals such as oatmeal which is also spit in. Therefore, he complains that the breakfast meals are repetative and punitively served to punish him.

For lunch meal on 6-24-06, he was served with what appears to be macarroni with tomatoe spuce and mashed ground meat. The macaroni had been destroyed and stirred with the spuce and meat appallingly and was overcooked and showed signs of tampering and spit. The lunch included two slices of bread, butter, and a small sour unriped green apple. The grievant complains that this meal is served no less than three times a week and at dinner meals, and is therefore repetative and punitively served to punish him.

C.O. Blue and C.O. Blanchard were assigned to this J-1 P/c unit on 6-24-06 when these insufficient and appalling meals were served. I ask C.O. Blue if he could ask the kitchen to send some edible food. He would not call the kitchen and told me to talk to the food service worker during happy hour on Thursdays.

For dinner on 6-24-06, grievant was served the usual five small meat balls; a piece of bread; a small scoop of tomatoe sauce and a small scoop of corn.

No fresh salads are ever served and the fruits, if any are served, are either unriped or rotten, such as green apples, sour oranges and bannanas.

-2-

(cont. on reverse side)

EXHIBIT L

ICE CREAM IS NEVER SERVED AND THERE IS NOT ENOUGH SUGAR PROVIDED TO SWEETEN THE OATMEAL, GRITS, DRY CEREAL AND COFFEE-TEA.

THE CALORIES ADDED FOR THE BREAKFAST, LUNCH AND DINNER ON 6-24-06, AS ON ALL OTHER DAYS, FALLS FAR BELOW THE REQUIRED DAILY MINIMUM OF 2000 CALORIES. MOREOVER, GRIEVANT IS AN INDIGENT INMATE ▬ HAS NEVER AFFORDED CANTEEN FOOD PURCHASES ▬▬▬▬▬ AND THE PUBLIC HEALTH NUTRITION LAWS REQUIRES THE INSTITUTIONS TO PROVIDE HIM WITH THE AVERAGE 2700 CALORIES PER DAY REGARDLESS TO HIS ABILITY OR INABILITY TO PURCHASE CANTEEN FOOD ITEMS. GRIEVANT IS ENTITLED TO "ADEQUATE" AND "SUFFICIENT" FOOD.

## REQUESTED REMEDY

THE GRIEVANT REQUESTS THAT HE BE PROVIDED WITH "ADEQUATE" AND "SUFFICIENT" FOOD PER MEAL CONSISTING OF A VARIETY OF QUALITY NUTRICIOUS FOODS IN COMPLIANCE WITH THE PUBLIC HEALTH LAW OF A DAILY AVERAGE CALORIC INTAKE OF 2700 CALORIES WITH A MINIMUM OF 2000, PER DAY. THE GRIEVANT REQUESTS THAT EACH MEAL IS NOT SERVED MORE THAN ONCE A WEEK AND ARE NOT TAMPERED WITH NOR OVER OR UNDER COOKED, AND THAT THEY INCLUDE FRESH SALADS, RIPE FRUIT, ICE CREAM AND SUFFICIENT SUGAR. ▬▬▬▬▬▬ THE GRIEVANT FURTHER REQUESTS THAT THE MEALS TO J-1 UNIT AND THE FOODS PREPARED FOR IT, BE MONITORED TO ENSURE THEY ARE NOT BEING TAMPERED WITH BECAUSE THIS IS A P/C UNIT CONTAINING THE GRIEVANT AND OTHER INMATES WHOSE ENEMIES ARE STAFF AND OTHER INMATES IN GENERAL POPULATION WHO WORKS IN THE KITCHEN INCLUDING THE COOKS WHO ARE SAID NOT TO LIKE P/C INMATES.

DATED: 6-24-06                    SIGNED: Felipe Fowlkes
                    -3-                    FELIPE FOWLKES

EXHIBIT "M"  @  "M"

FORM "B"

## COMMONWEALTH OF MASSACHUSETTS
### DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE APPEAL FORM

| INMATE'S NAME: FELIPE FOWLKES | INMATE'S #: W84202 | DATE: 8-1-06 |
|---|---|---|

| INSTITUTION: Souza-Baranowski | ASSIGNED GRIEVANCE #: 19102 |
|---|---|

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. Provide your appeal argument in Block A, in a brief and understandable manner.
3. Provide your requested remedy in Block B.

**A.  Provide your appeal argument in a brief and understandable manner.**

The grievant makes this appeal for (1) full review of the complaint and the remedy requested in the grievance #19102 and that the remedy requested therein be allowed. (2) Grievant's claims that meals are punitively repetative is established from the menu itself which shows which meals are being served more than once, twice and three times per week. (3) By listing the portions of the meals, the grievant has shown that the portions when added, does not equal the daily minimum 2000 calorie diet. (4) Appaulling type meals which are capable of being spit in and tampered without detection are being served to often. Its hard to detect spit in oatmeal and the other mixed meals, which is why they are oftentimes served.

(continued on attached page)

**B.  Provide your requested remedy**

The same as provided in the appeal argument above under (1) (2) (3) (4) (5) and (6)

Inmate's Signature _Felipe Fowlkes_    Date: _August 1, 2006._

Staff Recipient _____    Date: _____

**(Inmate receipts/responses will be generated via the Inmate Management System.)**

-I-

19102
APPEAL

# EXHIBIT "M"

WHEN I WAS INTERVIEWED by CPO I CARNEY from IGC, he admitted that things could happen to the food in the meals designated for the P/C J-1 Unit. WHEN I WAS INTERVIEWED by IPS to SIGN-OFF A NO problem slip ON PETER PRESCOTT, they told me the procedure to follow when it APPEARS that my meals has been tampered with, is to show it to the Unit C.O. AND ASK him to exchange it OR CALL to the Kitchen FOR REPLACEMENT. However, whenever I followed the procedure, the OFFICERS would try to CREATE AN ARGUMENT with me by claiming that there was nothing wrong with the meal. I ALWAYS be discrete AND NOT SAY Anything out loud IN front of other INMATES, most of whom would NOT complain because the OFFICERS would deny And ARGUE At them. Also, they have CANTEEN to supplement A bad meal And I dont due to my INDIGENCY. VERY RARELY, IF EVER, would A C.O. exchange the meal OR try to Resolve the problem. And, I dont complain At every meal. Only when it MAY APPEAR to obvious that my food TRAY WAS TAMPERED with OR the meal over OR UNder cooked.

-2-    (CONT. ON REVERSE side)

EXHIBIT "M"

(5) THERE IS NOT ENOUGH SUGAR PROVIDED ~~when~~ OATMEAL, FARINA OR DRY CEREAL ARE SERVED AT BREAKFAST. FOUR BAGS OF SUGAR CANNOT SWEETEN both the coffee AND CEREAL AND the OFFICERS WOULD RARELY give me EXTRA SUGAR without trying to CREATE AN ARGUMENT. THE SUGAR IS supposed to be put IN A bowl ON the desk so I could get A SUFFICIENT AMOUNT FOR MY MEAL AND NOT HANDED out by C.O. (6) BASED ON the FOREGOING REASONS, the claims IN the GRIEVANCE ARE well-founded AND IGC CARNEY did NOT conduct A thorough AND UNBIAS INVESTIGATION. He did NOT BASE his decision ON the MENU; the daily CALORIC dietary REQUIREMENTS; observations of the MEALS NOR his OWN ADMISSIONS AND conduct OF OFFICERS ON the J-1 UNIT OR STAFF AND INMATES IN the kitchen. THEREFORE, his decision to deny the claims IN the GRIEVANCE is INCONSISTENT with the facts KNOWN to him.

REMEDY REQUESTED is the SAME AS provided ~~in~~ IN the APPEAL ARGUMENT ABOVE UNDER (1)(2)(3)(4)(5) AND (6).

DATED: August 1, 2006.   SIGNATURE: ~~Felipe Fowlkes~~

w/ENC. DECISION.                    FELIPE FOWLKES

-3-

EXHIBIT "N"

FROM: FELIPE FOWLKES#W84202: J-1#9

DATED: July 20, 2006.

TO: Dear Supt. Russo:

I AM complaining to you about GRIEVANCE #19102 filed by me REGARDING "INADEQUATE" AND "INSUFFICIENT" food PER MEAL and NOT RECEIVING A timely RESPONSE from the IGC. IN the INTERIM, when A meal APPEARS to be "tampered with"; "UNDER OR OVERCOOKED", OFFICERS Roy, Langley and other C.O.s try to start ARGUMENTS with me when I complain to them about it. I try to be VERY discRete when I bring it to their Attention by NOT SAYING ANYTHING IN front of other inmates but they RESPOND openly IN front of them with discouraging REMARKS. Both IGC and IPS Admit that the meal could come out tampered with AND OVER OR UNDERCOOKED but that if that APPEARS, to bring it to the Attention of the Officers who should allow me to exchange it or call to Kitchen FOR A NEW tRAY RAther than try to discourage me by trying to CREATE AN ARGUMENT. However, they dont follow the procedures. I dont bring it to the officers Attention on every meal but only when it appears obvious IN A meal such AS overcooked or burnt pancakes or a bitten cookie.

INSUFFICIENT SUGAR, KETCHUPS AND MUSTARDS:

Also, the OFFICERS do NOT provide enough SUGAR for BREAKFAST to sweeten dry cereal, oatmeal,

(cont. on reverse side)    -1-    (cont. on reverse side)

EXHIBIT "N"

fARiNA ANd CoFFEE-TEA ANd wheN I ASK them foR
moRE SugAR they ARgue with me ANd Refuse to
pRovide it And Sometimes otheR iNmAtes would eNd
up giving me theiR SugAR. The officeRs do the
same thing with the mustARds And Ketchups And
~~they~~ they dont pRovide it At All oN most
meAls. ON the weekends its eveN woRst.
I've Noticed how seveRAl inmAtes have been
~~put~~ put iN SHU foR ARguing
with the officeRs. So I tRy to Avoid
ARguments by filing AppRopRiAte gRievANces
which ARe Not being Responded to.

I tRust that you will AddRess these
issues with IGC And the officeRs
on this unit.

July 20, 2006.                    THANK youl,
                        ~~Felpe~~
                        FELiPE FowLKes #w84202
                                    J-1 #9

WRitteN copy. f.f.

Post ScRipt: I've Noticed that otheR inmAtes do Not complAiN
About the meAls becAuse the officeRs would pRovoke ARguments
with them insteAd of follow the pRoceduRe oR issue moRe SugAR,
Ketchups & mustARds. TheRefoRe, I've stopped bRinging it to
the officeR's AtteNtioN in hopes that GRievANce will AddRess And Resolve
the issues.              The GRievANce was dAted 6/24/06, And filed
                    -2-   6/24/06 by IGC but No RespoNse (decisioN)
                          hAs beeN mAde As of this dAte.

- A.doc                                                                                                  Page 1

EXHIBIT "C"

-1-                                                                   20230

FORM "A"

## COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

| INMATE'S NAME: | INMATE'S #: | DATE: |
|---|---|---|
| FELIPE FOWLKES | W84202 | 8-6-06 |

| INSTITUTION: | DATE OF INCIDENT: |
|---|---|
| SOUZA-BARANOWSKI | 8-6-06 |

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. In **Block B**, give a brief and understandable summary of your complaint/issue.
3. List any actions you may have taken to resolve this matter in **Block C**. Be sure to include the identity of staff members you have contacted.
4. Provide a Requested Remedy in Block D.

**A.** When filing an Emergency Grievance select Emergency and one additional grievance type.

_____ **EMERGENCY**

**B.** Give a brief and understandable summary of your complaint/issue. Additional paper may be used, if necessary. THE GRIEVANT complains that the Kitchen officers Langley, officer Khan and all other officers assigned to J-1 Protective Custody unit are not providing him with the same amount of sugar during the breakfast meals that is being served in General Population. GRIEVANT complains that he's only being provided with FOUR small sugars at breakfast which is not enough to sweeten his hot or cold cereals and coffee. He complains that the kitchen and officers assigned to J-1 Protective Custody unit are relying on a satellite unit screening sheet to limit the distribution of the sugar to him in J-1 P/C unit. The officers state that the kitchen writes down on the sheet that only FOUR sugars are to be distributed to each P/C inmate which includes GRIEVANT.  (const. on attached page)

**C.** List any action taken to address/resolve this matter. Include the identity of staff members you have contacted.

(STATED IN COMPLAINT/ISSUE)

**D.** Provide your Requested Remedy.

(SEE ATTACHED PAGE)

Inmate's Signature _Felipe Fowlkes_                  Date: _Aug. 6, 2006._

Staff
Recipient_____     Date:_____

**\*\*DENIED GRIEVANCES MAY BE APPEALED TO THE REVIEWING AUTHORITY WITHIN 10 BUSINESS DAYS.**
(Inmate receipts/responses will be generated via the Inmate Management System.)

-1-

-2-                    EXHIBIT "O"

~~Original Issue~~ COMPLAINT/ISSUE, cont.:

The grievant states that as a P/C inmate in J-1
unit, he's suppose to be provided with the same
amount of sugar that inmates in general population
are provided during their breakfast meals and/or
that he should be provided with enough sugar
to sweeten his hot or cold cereals and
coffee when it is served at breakfast meals.
One of the Deputy Superintendents confirmed
that inmates in P/C unit such as grievant, are
entitled to the same foods served to general
population, which includes the same amount of sugar
or an equivalent amount of sugar packages.

## - REQUESTED REMEDY-
That the kitchen and officers in J-1 P/C unit be
directed to provide grievant with the same amount
of sugar or an equivalent in sugar packs during
breakfast meals that's being provided to inmates

-2-              (cont. on reverse side)

-3-                    EXHIBIT "O"

in general population AND/OR (2) that grievant be provided with enough sugar by the kitchen AND J-1 P/c unit officers to sweeten his hot or cold cereals AND coffee when they are served for breakfast.

Signature: ~~Felipe Fow~~

FELIPE FOWLKES

DATE: Aug. 6, 2006.

written copy: f.f.

-3-

EXHIBIT "P" @ 

FORM "B"

**COMMONWEALTH OF MASSACHUSETTS**
**DEPARTMENT OF CORRECTION**
**INMATE GRIEVANCE APPEAL FORM**

| INMATE'S NAME: | INMATE'S #: | DATE: |
|---|---|---|
| FELIPE FOWLKES | W84202 | 8-13-06 |

| INSTITUTION: | ASSIGNED GRIEVANCE #: |
|---|---|
| SOUZA - BARANOWSKI | 20230 |

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. Provide your appeal argument in Block A, in a brief and understandable manner.
3. Provide your requested remedy in Block B.

**A. Provide your appeal argument in a brief and understandable manner.**

THE GRIEVANT APPEALS FROM AN August 11, 2006, decision OF IGC which denies that he is NOT provided in J-1 P/C UNIT with A SUFFICIENT AMOUNT OF SUGAR FOR his breakfast meals. THE GROUNDS FOR THIS APPEAL ARE that:

1. The Hot AND Cold CEREALS AND COFFEE SERVED FOR BREAKFAST MEALS ARE NOT PRE-SWEETENED.

2. FOUR SMALL PACKS OF REGULAR SUGAR is obviously NOT ENOUGH to sweeten both the Cold OR HOT CEREALS AND A CUP OF COFFEE WHEN THEY ARE SERVED FOR BREAKFAST.

   THEREFORE, decision OF IGC Should be Reversed.

(W/ENC. COPY of decision)

**B. Provide your requested remedy**

THAT GRIEVANT iN J-1 P/C UNIT be provided by the Kitchen AND OFFICERS IN J-1 UNIT, WITH ENOUGH SUGAR ▓▓▓▓ to Sweeten the Hot OR Cold CEREALS AND A CUP OF COFFEE WHEN they ARE SERVED for his breakfast meals.

Inmate's Signature: Felipe Fowlkes    Date: Aug. 13, 2006

Staff Recipient_____ Date:_____

**(Inmate receipts/responses will be generated via the Inmate Management System.)**



# The Commonwealth of Massachusetts
## Executive Office of Public Safety

### Department of Correction
### Souza-Baranowski Correctional Center

**Mitt Romney**
*Governor*
**Kerry Healy**
*Lieutenant Governor*
**Edward A. Flynn**
*Secretary*

P. O. Box 8000
Shirley, Massachusetts 01464

**Kathleen M. Dennehy**
*Commissioner*
**James R. Bender**
*Deputy Commissioner*
**Lois Russo**
*Superintendent*

March 14, 2006

EXHIBIT 'Q

Felipe Fowlkes, W84202
Souza-Baranowski Correctional Center
P.O. Box 8000
Shirley, MA 01464

Dear Mr. Fowlkes:

Please be advised that your letter of correspondence dated March 10, 2006 to Superintendent Russo regarding your indigent inmate request has been forwarded to my office for a response. I previously informed you that indigent inmates are not given canteen items. I also informed you that hygiene items issued consist of the following: toothpaste, toothbrush, soap, and a razor. You will not be given peanut butter and jelly, cereal, or snack items as you requested, whereas no indigent inmate in our population receives these items. Also, I suggest you put your name on a list for a job so you may be able to purchase the items you are requesting. Additionally, I spoke to you several times on this matter while conducting my rounds in J-1. Finally, in regards to a loaner T.V. you can speak to your Unit Sgt., Kevin Boulay to address this issue.

I trust that this addresses your concerns in this matter.

Sincerely,

Anthony Mendonsa
Deputy Superintendent

Exhibit "Q"

AM/can

cc:     Lois Russo, Superintendent
        Lynn Chernesky, Director of Treatment
        Kevin Boulay, Unit Sgt.
        Raphael Johnston, Protestant Chaplain
        File



*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*

*Department of Correction*
*Souza-Baranowski Correctional Center*



**Mitt Romney**
*Governor*
**Kerry Healey**
Lieutenant Governor
**Edward A. Flynn**
*Secretary*

*P. O. Box 8000*
*Shirley,  MA  01464*

**Kathleen M. Dennehy**
*Commissioner*
**James R. Bender**
*Deputy Commissioner*
**Lois Russo**
*Superintendent*

EXHIBIT "R"

March 16, 2006

Felipe Fowlkes, W84202
Souza Baranowski Correctional Center
P.O. Box 8000
Shirley, MA 01464

Dear Mr. Fowlkes,

Please be advised that I am in receipt of your letter regarding shower shoes.  Per the 103 DOC 403 Property Procedure, shower shoes are not an item that indigent inmates receive.  If you would like to purchase shower shoes you are able to do so.
I trust this addresses your concerns.

Sincerely,

*Lynn Chernesky*

Lynn Chernesky
Director of Treatment

Cc:    File

Exhibit "S"

FORM "A"

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF CORRECTION
INMATE GRIEVANCE FORM

Grievance # 20089

| INMATE'S NAME: | INMATE'S #: | DATE: |
|---|---|---|
| FELIPE FOWLKES | W84202 | 7/28/06 |

| INSTITUTION: | DATE OF INCIDENT: |
|---|---|
| Souza-Baranowski | 7/28/06 |

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. Check off a grievance type that best describes your grievance in Block A.
3. In Block B, give a brief and understandable summary of your complaint/issue.
4. List any actions you may have taken to resolve this matter in Block C. Be sure to include the identity of staff members you have contacted.
5. Provide a Requested Remedy in Block D.

**A.** Check off one grievance type only (Listed on reverse side). When filing an Emergency Grievance select Emergency and one additional grievance type.

_____ EMERGENCY

**B.** Give a brief and understandable summary of your complaint/issue. Additional paper may be used, if necessary.

The grievant complains that as an indigent inmate, he is not being provided with a sufficient amount of toothpaste, soap, a classic long-handled toothbrush, razors, deodorant, shampoo and shower slippers in a timely manner because the items are not provided to him on a consistent basis. He states that he is only provided with a minimum of two bars of soap (sometimes only one); 3 to 4 razors and one small tube (1.5 oz or 43g) of toothpaste and a thumb-sized S.H.U. toothbrush which are used up by him in less than 7 (seven) days even when he rations the items by showering only

⟵ (SEE ATTACHED PAGE, FOR CONTINUANCE) ⟶

**C.** List any action taken to address/resolve this matter. Include the identity of staff members you have contacted.

(SEE ATTACHED PAGE)

**D.** Provide your Requested Remedy.

(SEE ATTACHED PAGE)

Inmate's Signature _Felipe Fowlkes_    Date: July 28, 2006

Staff Recipient _____    Date: _____

**DENIED GRIEVANCES MAY BE APPEALED TO THE REVIEWING AUTHORITY WITHIN 10 BUSINESS DAYS.**
(Inmate receipts/responses will be generated via the Inmate Management System.)

**Block A. Continued  (SELECT ONE TYPE ONLY)**

_____ADA
_____ASSAULT
_____CANTEEN
_____CIVIL RIGHTS VIOLATIONS
_____DENIAL/RESTRICTION OF PRIVILEGES
_____EMERGENCY
_____FOOD
_____GRIEVANCE PROCESS
_____HAIRCARE
_____HARASSMENT
_____INMATE ACCOUNTS
_____LAUNDRY
_____LAW LIBRARY
_____MAIL/GENERAL
_____MAIL/LEGAL
_____MEDICAL ACCESS
_____NEW RELIGIOUS REQUEST
_____OTHER
_____PHONE/GENERAL
_____PHONE/LEGAL
_____PHYSICAL PLANT
_____POLICY
_____PROCEDURE
_____PROGRAM ACCESS
_____PROPERTY
_____PUBLICATIONS
_____RELIGION
_____REPRISAL FOR GRIEVANCE/COMPLAINT
_____RETALIATION
_____SEARCHES/INSTITUTION
_____SEARCHES/TAC TEAM
_____SENTENCE COMPUTATION
_____SMU/DDU OPERATIONS
_____STAFF MISCONDUCT
_____STAFF SEXUAL MISCONDUCT W/INMATES
_____SUSUPENSION OF NORMAL OPERATIONS
_____UNIT OPERATIONS
_____USE OF FORCE
_____VERBAL ABUSE
_____VISITS

Exhibit "S"     # 20089

# COMPLAINT/ISSUE, cont.:

3 to 4 times in a week and brushes his teeth only once a day. When he makes a request for a new supply, it takes more than a week and sometimes more than two weeks to receive the items during which time he has to go without. He states that he's never been supplied with the long-handle toothbrush, deordorant, shampoo or shower slippers and that if such items are not on the list of items that indigent inmates receives under DOC 103 CMR 403, then he argues that the policy should be revised to include them and that an exception should be made in his situation to provide him with them.

The grievant is an indigent inmate on a protective custody unit J-1 at SBCC unable to work and earn money due to limitations of jobs for-which he's on waiting list for. He has been indigent since his reception to MASS. DOC in September 2004. The grievant complained and requested these items persistantly through C.O. Roy, Langley, Sgt. Bailey, DOT Chernesky, Deputy Superintendent Mendoza and brought the problem to the attention of Superintendent Russo and he is still not being

(cont. on reverse side)

Exhibit "S"

Supplied with A "Sufficient" Amount of the items
in A timely And consistent manner And does
not have any currently.

## - REQUESTED REMEDY -

(1) That grievant be provided with A "Sufficient"
Amount of toothpaste, soap, A long-handle toothbrush,
Razors, deodorant, shampoo and shower slippers
in A "timely" And "consistent" manner ASAP.

(2) That the 103 CMR 403 be revised to include the
long-handle toothbrush, deodorant, shampoo and
shower slippers on the list of items that indigent
inmates receive and that an exception be made
to provide grievant with those items due to his
indigency.

DATED: July 28, 2006.

SIGNED: _Felipe Fowlkes_
                    Felipe   Fowlkes

WRitten copy: F.F.

EXHIBIT "T" @

FORM "B"

**COMMONWEALTH OF MASSACHUSETTS**
**DEPARTMENT OF CORRECTION**
**INMATE GRIEVANCE APPEAL FORM**

| INMATE'S NAME: | INMATE'S #: | DATE: |
|---|---|---|
| FELIPE FOWLKES | W84202 | 8-13-06 |

| INSTITUTION: | ASSIGNED GRIEVANCE #: |
|---|---|
| SOUZA-BARANOWSKI | 20089 |

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. Provide your appeal argument in Block A, in a brief and understandable manner.
3. Provide your requested remedy in Block B.

**A. Provide your appeal argument in a brief and understandable manner.**

THE GRIEVANT APPEALS FROM AN August 11, 2006, decision of IGC which denies that he is not Receiving A sufficient Amount of hygeinic items As AN Indigent INMATE AND that the 103 CMR 403 should be Revised or interpreted to include additional items. THE GROUNDS FOR THIS APPEAL ARE THAT:

1. IGC has not listed the items which grievant is suppose to Receive on A monthly basis As An Indigent INMATE in the indigent package nor Any Records of signatures showing that Grievant has been Receiving them.

2. THE items which Grievant has listed in the complaint, even if it included 3-bars of soap per month, would not last for one month AND Grievant has never been issued A long-handle toothbrush, deordorant, shampoo, shaving cream or shower slippers. IN Addition to using the soaps to shower with About 3 times A week, the grievant also uses up the soaps As shampoo to wash his hair AND As shaving cream to shave with AND to wash his face AND hands. Shampoo AND shaving cream Are Not provided. Also, one small tube of 1.5 oz or 34g of toothpaste does Not last for one week Nor one month. THEREFORE, decision of IGC should be Reversed.

**B. Provide your requested remedy.**

THAT GRIEVANT be provided with A sufficient Amount of soaps, toothpaste, Razors, long-handle toothbrush, deodorant, Shampoo AND shaving cream in his monthly hygeinic indigent package including Any package which IGC claims he may have Received this month. HE also Request TO BE Provided with Shower slippers when his shower slippers wear out AND ARE Needed. (w/enc. decision)

Inmate's Signature _Felipe Fowlkes_    Date: Aug. 13, 2006.

Staff Recipient _____    Date: _____

**(Inmate receipts/responses will be generated via the Inmate Management System.)**

# CERTIFICATE OF SERVICE "

# AFFIDAVIT OF SERVICE BY MAIL

Fowlkes vs. Dennehy, et., Al.,
C.A. 05-11749-JLT

I, FELIPE OTEZE FOWLKES, being duly sworn, deposes and says:

1. I am the Plaintiff, Pro Se in the above cited civil action. I currently reside at Souza-Baranowski Corr. Ctr., P.O. Box 8000, Shirley, MA 01464.

2. I am over the age of 18.

3. On July 31, 2006 I served the within: Second Amended Complaint, summonses and other necessary paperwork Required by the U.S. Marshal for service of process on the defendants, upon: Office of the U.S. Marshal, U.S. Courthouse, Civil Section, Room 1500, 1 Courthouse Way, Boston, MA 02210, be depositing true copies of said documents within postpaid properly addressed envelopes in the hands of duly authorized correctional officers at Souza-Baranowski Corr. Ctr., to be mailed via U.S. Postal Services.

Pursuant to Title 28 USCA Sec. 1746: "I swear under the penalty of Perjury that the foregoing is true and correct."

Executed on: July 31, 2006.

Signature: _Felipe Oteze Fowlkes_
FELIPE OTEZE FOWLKES