UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FELIPE FOWLKES,      )<br>      Plaintiff,   )<br>                        )<br>      v.              )<br>                        )<br>KATHLEEN M. DENNEHY, ET AL.,  )<br>      Defendants.  ) | C.A. No. 05-11749-JLT |

ORDER ON MOTIONS

TAURO, D.J.

Now before this Court are (1) Plaintiff's Motion to Amend Complaint (#24) and (2) Defendants' Motion for Extension of Time to 20 days after all defendants have been served (#30).

I.   Plaintiff's Motion to Amend Complaint (#24)

With respect to Plaintiff's Motion to Amend Complaint (#24), the motion is denied. On March 16, 2006 a Memorandum and Order (Memo #9) issued directing Plaintiff Felipe Fowlkes ("Fowlkes") to show cause why certain claims and certain Defendants should not be dismissed from this action.[1] On April 28, 2006 the Plaintiff filed a Response (#11) to the show cause Memorandum and Order as well as an Amended Complaint ("Second Amended Complaint") (#12).   The Second Amended Complaint (#12) named at least ten additional

---

[1] By Memorandum and Order (#9), this Court allowed certain claims of the Plaintiff to proceed with respect to Defendants Dennehy, Nolan, Spencer, and Pepe. Plaintiff was ordered to show cause why all other Defendants should not be dismissed from the action. These other defendants include: Bender, Hall, Marshall, Madden, Duval, LaDouceur, and Aucion.

Defendants to this action, and also introduced new claims.[2] Notwithstanding pleading deficiencies, the Court permitted the Second Amended Complaint to proceed, and summonses have issued. Further, the Plaintiff was advised that this Court deemed the Second Amended Complaint (#12) to be the operative pleading in this action, and instructed Plaintiff that he was prohibited from filing any further Amended Complaints absent leave of Court to do so upon good cause shown.

The Second Amended Complaint has not yet been served on all of the Defendants, however, Plaintiff now seeks to amend the Second Amended Complaint to add more claims and nine more Defendants to this action. The Motion to file an Amended Complaint (#24) has been opposed by the Defendants, on the grounds that it will prejudice them in a variety of ways. See Opposition (#31).

The Court agrees with the Defendants. At this juncture, there is a Scheherazade-like quality to the Plaintiff's pleadings, and the Court finds he has been given ample opportunity to state his claims and identify the parties to this action. Thus, when balanced with the prejudice to

---

[2]In addition to the previously named 11 Defendants, Plaintiff includes additional Defendants to this action. The previously named Defendants included (1) Kathleen M. Dennehy, Commissioner of Corrections; (2) James R. Bender, Deputy Commissioner; (3) Timothy Hall, Assistant Deputy Commissioner; (4) John Marshall, Jr. Assistant Deputy Commissioner/Acting Superintendent, MCI-Cedar Junction; (5) Veronica Madden, Associate Commissioner of Reentry and Reintegration; (6) Ronald T. Duval, Assistant Commissioner of Administration; (7) Kristie LaDouceur, Commissioner's Inmate Grievance Reviewer; (8) Peter Pepe, Superintendent of Concord Prison; (9) David Nolan, Superintendent of Cedar Junction; (10) Ann Marie Aucion, Inmate Grievance Coordinator; and (11) Luis Spencer, Superintendent of MCI-Norfolk. The additional Defendants include: (1) Daniel Sullivan, Correctional Officer at MCI Cedar Junction; (2) Kimberly Kenney, Correctional Officer as MCI Norfolk; (3) Lois Russo, Superintendent, Souza-Baranowski Correctional Center; (4) John Luongo, Deputy Superintendent, MCI Cedar Junction; (5) Darrin C. Payne, Correctional Officer, MCI Cedar-Junction; (6) Mr. Anderson, Deputy Superintendent for Classification of MCI Concord; (7) Karen DiNardo, Director and Deputy Superintendent for Classification at MCI Concord; (8) Correctional Officer Pare, MCI Concord; (9) Correctional Officer Dragone, MCI Concord; and (10) unknown Defendants to be named later.

the Defendants, the Court finds no good cause to permit Plaintiff a continuing opportunity to keep amending his claims and adding Defendants.

Moreover, at this juncture, the Court is mindful of the purpose of the Prison Litigation Reform Act. Plaintiff cannot be permitted to circumvent the filing fee requirements of 28 U.S.C. § 1915, by attempting to lump the multitude of claims into this one action. Should the Plaintiff seek to pursue his claims against new parties, he must file a separate civil action and pay the $350 filing fee (albeit in installments pursuant to 28 U.S.C. § 1915(b)). If Plaintiff files such an action, he shall indicate this case is a related action on the civil cover sheet and the case shall be directly assigned. This Court will consider whether the cases should be consolidated at a later time, after the parties have had an opportunity to review the filings.

II.     Defendants' Motion for Extension of Time to 20 days after all Defendants have been served (#30).

The Defendants seek an extension of time to 20 days after all Defendants have been served, in order to file a comprehensive dispositive motion, in the interest of judicial economy. The Court finds good cause for the motion, and the Defendants' Motion for Extension of Time to 20 days after all Defendants have been served (#30) is hereby Allowed.

SO ORDERED.

/s/ Joseph L. Tauro
JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE

DATED: August 30, 2006