UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
FELIPE FOWLKES,                )
      Plaintiff,               )        C.A. No. 05-11749-JLT
                               )
      v.                       )
                               )
KATHLEEN M. DENNEHY, et al.,   )
_____)
```

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'[1] MOTION FOR A MORE DEFINITE STATEMENT

Plaintiff, Felipe Fowlkes, is an inmate lawfully incarcerated at Souza Baranowski Correctional Center ("SBCC"). He filed a Complaint, *pro se*, against twenty-one employees of the Massachusetts Department of Correction ("DOC"). Plaintiff amended his Complaint; this Memorandum addresses the Amended Complaint. The defendants are Kathleen M. Dennehy, the Commissioner of the DOC; James R. Bender, the Deputy Commissioner of the DOC; Timothy Hall, the Assistant Deputy Commissioner of the DOC; John Marshall, the Acting Superintendent of MCI-Cedar Junction; Veronica Madden, the Associate Commissioner of Reentry and Reintegration; Ronald T. Duval, the Associate Commissioner of Administration; Kristie Ladouceur[2], Department Grievance Coordinator; Peter Pepe, Superintendent of MCI-Concord; David Nolan, former Superintendent of MCI-Cedar Junction; Ann Marie Aucoin, former Inmate Grievance Coordinator at MCI-Cedar Junction; Luis Spencer, Superintendent of MCI-Norfolk;

---

[1] The Motion for a More Definite Statement is being filed on behalf of the following defendants: Kathleen M. Dennehy, James R. Bender, Timothy Hall, John Marshall, Veronica Madden, Ronald T. Duval,; Kristie Ladouceur, Peter Pepe, David Nolan, Ann Marie Aucoin, Luis Spencer, Daniel Sullivan, Kimberly Kenny, Lois Russo, John Luongo, Darrin C. Payne, Karen Dinardo, Officer Pare, and Officer Dragone. Defendant Mr. Anderson has not been served with the Complaint.

[2] Plaintiff misspelled Ms. Ladouceur's name; she is listed on the docket sheet as Christian LaDuica.

Daniel Sullivan, Correction Officer; Kimberly Kenny, Correction Officer; Lois Russo, Superintendent of Souza Baranowski Correctional Center ("SBCC"); John Luongo, Deputy Superintendent of MCI-Cedar Junction; Darrin C. Payne, Correction Officer; Mr. Anderson, Deputy Superintendent of Classification of MCI-Concord; Karen Dinardo, Deputy Superintendent of Classification at MCI-Concord; Officer Pare; Officer Dragone. The defendants have moved, pursuant to Fed. R. Civ. P. 12(e), for a More Definite Statement.

## ARGUMENT

Fed. R. Civ. P. 12(e) states, in pertinent part: "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Plaintiff's Complaint is so vague and ambiguous that the defendants' abilities to respond and to defend against plaintiff's claims are hampered.

Fed. R. Civ. P. 8(a)(2) mandates that a Complaint be "a short and plain statement of the claim." Fed. R. Civ. P. 8(e)(1) requires that "[e]ach averment of a pleading shall be simple, concise, and direct." In addition, Fed. R. Civ. P. 10(b) states, "[a]ll averments of claim or defense shall be made in numbered paragraphs." Plaintiff follows none of these Rules. His Amended Complaint, even excluding the ten, multi-paged exhibits, is sixty-six pages long and sets forth sixteen separate claims against twenty-one defendants. Instead of being "short and plain" and "simple, concise, and direct," as required, the Amended Complaint is long, unclear, complicated, rambling, and ambiguous. In addition, except to label his sixteen claims, plaintiff numbers none of the many paragraphs within the Amended Complaint. Each paragraph is several pages in length. See Amended Complaint. Further the Amended Complaint is confusing; there are eleven

"page twenty-nines". See Amended Complaint. Plaintiff has numbered these pages 29½ , 29A, etc. See Amended Complaint.

Ultimately, plaintiff's Amended Complaint far exceeds the scope of acceptable pleading. As such, the defendants cannot reasonably be expected to respond to the Amended Complaint as written. While some latitude is accorded to pro se pleadings, all litigants are required to comply with the rules of civil procedure. F.D.I.C. v. Anchor Properties, 13 F.3d 27, 31 (1st Cir. 1994) (stating pro se status does not absolve litigant from compliance with procedural rules); see also Int'l Fidelity Ins. Co. v. Wilson, 387 Mass. 841, 847 (1983), quoting Faretta v. Cal., 422 U.S. 806, 834-835 n.46 (1975) (stating "[t]he right of self-representation is not 'a license not to comply with the relevant rules of procedural and substantive law'").

Plaintiff repeatedly names "defendants" as responsible for violations of his rights; however, since there are twenty-one named defendants, it is unclear to which defendant(s) he specifically refers. See, e.g., Amended Complaint at Page 14 (stating "the defendants have approved and directed that he be served 'rationed' meals"); Amended Complaint at Page 17 (stating "the defendants have resisted his requests to provide him with adequate clothing"); Amended Complaint at Pages 18-19 (same); Amended Complaint at Pages 19-20 (same). This lack of clarity regarding the defendants pervades the Amended Complaint. To compound confusion, the ambiguity also surrounds the dates on which the alleged violations occurred and at which institutions the violations took place. See, e.g., Amended Complaint at Pages 12-13, 14B-14C, 16-17, 18-19. Plaintiff fails to plead his claims with any specificity. The defendants cannot properly defend against plaintiff's claims as they currently stand.

While plaintiff cites with sufficient clarity the dates on which he filed grievances and with whom he filed those grievances, such specificity is not tantamount to the clarity needed

3

regarding who violated his rights and when. It is unclear whether the "defendants" plaintiff refers to in his myriad claims are limited to those with whom he filed and appealed grievances or are inclusive of the other twenty-one named defendants as well. Indeed, a Motion for More Definite Statement is appropriate when the Complaint contains such broad generalizations that a defendant cannot respond. See Fleming v. Dierks Lumber & Coal Co., 39 F. Supp. 237, 240 (D. Ark. 1941); Martz v. Abbott, 2 F.R.D. 17, 17 (D. Pa. 1941). Without more clarity as to which of the twenty-one defendants are allegedly responsible for each of plaintiff's numerous claims, and on what dates and at which institutions, the defendants cannot properly respond to the Amended Complaint.

The defendants recognize the fact that courts generally disfavor a Motion for More Definite Statement, as Fed. R. Civ. P. 12(e) must be read in conjunction with Fed. R. Civ. P. 8(a), which sets forth liberal pleading requirements. See Latch String, Inc. v. Rouse Co., No. 76-1502, 1977 U.S. Dist. LEXIS 18086, at *2-3 (D.D.C. Jan. 4, 1977) (citing United States v. Ga. Power Co., 301 F. Supp. 538, 543-44 (N.D. Ga. 1969)). Such disfavor arises when defendants move for a more definite statement because the plaintiff has tried to comply with Rule 8(a), making the Complaint "short and plain." Courts, in effect, do not want Rule 12(e) to defeat the purpose of Rule 8(a). See, e.g., Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959); Hodgson v. Va. Baptist Hosp., 482 F.2d 821, 824 (4th Cir. 1973). This concern is not present here. The defendants do not move for a more definite statement because plaintiff's Amended Complaint is too short or simple, attempting to comply with Rule 8(a). In fact, the complete opposite holds true: the defendants move for a more definite statement because plaintiff completely failed to adhere to Rule 8(a) making a response unreasonable. In effect, the

defendants only ask that this Court require the plaintiff to comply with rule 8(a) so that they can prepare a response to his claims.

Indeed, 8(a) requires a plaintiff to provide a defendant with proper notice, and a court will grant a 12(e) motion when a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a response." Fed. R. Civ. P. 12(e). Plaintiff has not provided proper notice, and this Court must grant this 12(e) motion. In a similar case, a defendant made a 12(e) motion, in part, because the plaintiff referred simply to "defendant" when stating the claims, even though there were three defendants. Bower v. Weisman, 639 F. Supp. 532, 537-38 (S.D.N.Y. 1986). The Court allowed the motion, reasoning,

> [t]hese paragraphs employ the term 'defendant' without specifying which particular defendant is referred to. Obviously, Weisman cannot effectively respond to Bower's complaint until he knows which claims Bower is asserting against him in his individual capacity.

Id. at 538. Since there are twenty-one defendants here, versus only three there, the Bower v. Weisman Court's reasoning applies with even more force here. Accordingly, this Court should grant the defendants' 12(e) motion. See also Carter v. Newland, No. 05-11335-NMG, 2006 U.S. Dist. LEXIS 47275, at *16 (D. Mass. June 26, 2006) (granting 12(e) motion and requiring plaintiff to "provide specificity with respect to which defendant committed which act and when such act or omission was committed."); Hilska v. Jones, 217 F.R.D. 16, 25-26 (D.D.C. 2003) (same); Gonzales v. Wing, 167 F.R.D. 352, 354-55 (N.D.N.Y. 1996) (granting 12(e) motion because Complaint violated Fed. R. Civ. P. 8(a), 10(b) and 12 and "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense").

The defendants respectfully request that this Court require plaintiff to provide a more definite statement outlining his allegations and including the following information: (1) the

defendant(s) responsible for each claim; (2) the specific dates on which the acts occurred; and, (3) the specific institution at which the acts occurred.

## **CONCLUSION**

For all of the above reasons, the defendants move for a More Definite Statement, pursuant to Fed. R. Civ. P. 12(e).

                                          Respectfully submitted,

                                          DEFENDANTS,
                                          By their attorney,

                                          NANCY ANKERS WHITE
                                          Special Assistant Attorney General

Date: December 26, 2006               /s/ Daryl F. Glazer
                                          Daryl F. Glazer, Counsel
                                          Department of Correction
                                          Legal Division
                                          70 Franklin Street, Suite 600
                                          Boston, MA  02110-1300
                                          (617) 727-3300, ext. 102
                                          BBO #567138
                                          Dfglazer@doc.state.ma.us