# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS:

Felipe Oteze Fowlkes,
           Plaintiff,    CIVIL ACTION
                          #05-11749-JLT
vs.

Kathleen M. Dennehy, et. al.,
           Defendants.

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT.

Now comes plaintiff, pro se, to oppose defendants motion for a more definite statement. In support hereof, plaintiff argues and shows that the complaint in this civil action provides sufficient facts giving rise to the cause of action to put the proper defendants on notice of the essential elements of plaintiff's cause of action. Pages 6, 7, and 8 of the complaint provides the defendants with the time (dates); place; conduct complained of; names of persons who committed the conduct; and the nexus

-1-            (CONT. ON REVERSE SIDE)

between the conduct complained of and the law. It is well settled that the applicable standard under Fed.R.Civ.P. 8(a)(2) is that a claimant or plaintiff need only "give the defendants fair notice of what the ... claim is and the grounds upon which it rests." Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160, 1163 (1993). Therefore, its not the length of the statement of facts in a complaint that matters. Instead, it is the contents of the complaint which must provide the time (dates); place; conduct; names of persons who committed conduct and any nexus between the law and conduct complained of. Pages 6, 7, and 8 of the complaint meets the legal requirements and contains the definite statement similar to that provided by the U.S. Attorney General in U.S. v. Com. of PA., 832 F.Supp. 122 (1993). The body of the complaint provides even more detailed facts sufficient to put the proper defendants on notice of the essential elements of plaintiff's cause of action. Accordingly, in light of the "Leatherman's" decision, plaintiff's complaint contains a short and plain statement of the claims on pages 6, 7, and 8, giving defendant's fair and adequate

-2-

Notice to Respond. Pages 6, 7, and 8 also states how each of the defendants are involved. There's no more of a definite statement that could be provided than that already set forth on pages 6, 7, and 8 of the complaint. The remaining pages of the complaint provides even more detailed facts.

WHEREFORE, it is respectfully requested that the Court deny defendants motion for a more definite statement and direct defendants to comply with the Court's order to respond to the complaint.

Dated: May 10, 2007.

Respectfully Submitted,

*Felipe Oteze Fowlkes*
Felipe Oteze Fowlkes #W84200
Souza-Baranowski Corr. Ctr.
P.O. Box 8000
Shirley, MA 01464

-3-   (CONT. ON REVERSE SIDE)

— CERTIFICATE OF SERVICE —

I, the Plaintiff, Pro Se, Felipe Oteze Fowlkes, certify that I have caused true copies of the foregoing opposition to defendant's Motion(s) for a more definite statement to be served by first class mail on defendants Attorneys, DARYL F. GLAZER AND HERBERT C. HANSON, D.O.C. Legal Division, 70 Franklin Street, Suite 600, Boston, MA 02110.

Dated: May 10, 2007.

*Felipe Oteze Fowlkes*
Felipe Oteze Fowlkes #
W84202, Pro Se,
SBCC: P.O. Box 8000
Shirley, MA 01464

-4-