```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

FELIPE FOWLKES,                    )
        Plaintiff,                 )
                                   )    C.A. No. 05-11749-JLT
        v.                         )
                                   )
KATHLEEN M. DENNEHY, ET AL.,       )
        Defendants.                )
                                   )
```

MEMORANDUM AND ORDER

TAURO, D.J.

Now before the Court are (1) Defendants' Motion for a More Definite Statement (#50); and (2) Defendant Scott Anderson's Motion to Dismiss (#52).

With respect to the Defendants' Motion for a More Definite Statement (#50), Plaintiff filed an Opposition (#56) on May 14, 2007. As such it is untimely, by more than four months. Notwithstanding the late filing, however, the Court has considered the Opposition. Nevertheless, upon review of the pleadings, the Court finds the Defendants' Motion for a More Definite Statement (#50) to be well founded, and therefore ALLOWS the motion to the extent that the following Order is hereby made:

> Within 35 days from the date of this Order, Plaintiff shall file a brief chart which clarifies the Second Amended Complaint by simply setting forth: (1) the name of each Defendant, (2) identifying the specific cause of action against that Defendant, (3) the date(s) upon which the alleged act(s) occurred; and (4) the specific institution at which the acts occurred. This chart should provide the link between the Defendant and the alleged wrongful conduct.

This Order does not present an undue burden on the Plaintiff, yet should provide the Defendants with the specific

information necessary to file a meaningful response to the Second Amended Complaint.  If the Defendants seek further clarification of the claims, they must present a request with further specificity as to the information sought <u>within 10 days</u> after the Plaintiff's response.  Otherwise, Defendants responsive pleading to the Second Amended Complaint (as clarified by the Response to the Motion for a More Definite Statement) shall be due <u>20 days after the Plaintiff's Response is filed</u>, including any dispositive motion, unless otherwise ordered by this Court.

With respect to Defendant Scott Anderson's Motion to Dismiss (#52) for failure to serve pursuant to Fed. R. Civ. P. 12(b)(5), the Plaintiff does not dispute that service has not been made, but has filed an Opposition (#54) contending that he made timely efforts to effectuate service on the Defendant, but that the United States Marshal failed to serve.

To the extent that the Plaintiff attributes the fault to the United States Marshal, the Court rejects this notion. Notwithstanding that Plaintiff is a prisoner or that the United States Marshal was directed to perform service and advance the costs of service, it remained Plaintiff's sole responsibility to ensure proper and timely service was made.  It is not the responsibility of the Court, the Clerk's Office, or the United States Marshal's Office to ensure proper service, and the Court specifically advised Plaintiff of his obligations in this regard, on July 26, 2006, along with the consequences for failure to serve.  <u>See</u> Memorandum and Order (#20).  Moreover, Plaintiff

failed to seek in a timely fashion, an extension of time within which to serve Defendant Anderson, and more than nine months has lapsed since the summons was issued.

Accordingly, in light of the above, it is hereby Ordered that Plaintiff shall file proof of service on Defendant Anderson within 20 days.  Failure to do so will result in a dismissal of this Defendant from this action, without prejudice.  In that event, and should Plaintiff seek to re-file his claims against Defendant Anderson, he must file a separate civil action and he will be obligated to make payments toward the $350.00 filing fee pursuant to the Prison Litigation Reform Act.

As an additional related matter, it also appears that Defendants John Marshall, Timothy Hall, and Correctional Officer Martin have not been served.  However, defense counsel has not filed a motion to dismiss with respect to these Defendants, but has filed a Motion for a More Definite Statement on behalf of both Defendants Marshall and Hall, but not as to Defendant Martin (alleged to be deceased).  See Plaintiff's Affidavit of Service (#46).

In light of this, it is further Ordered that the claims against Defendant Martin shall be dismissed in 30 days, unless Plaintiff shows good cause within that time why they should not be dismissed.

SO ORDERED.                           /s/ Joseph L. Tauro
                                      JOSEPH L. TAURO
                                      UNITED STATES DISTRICT JUDGE
DATED: May 17, 2007