UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FELIPE FOWLKES, )  | )  |  |
| Plaintiff, )  | )  | C.A. No. 05-11749-JLT |
| )  | )  |  |
| v. )  | )  |  |
| )  | )  |  |
| KATHLEEN M. DENNEHY, et al., )  | )  |  |
| Defendants. )  | )  |  |

### DEFENDANTS'[1] OPPOSITION TO PLAINTIFF'S SHOW CAUSE WHY CLAIMS AGAINST DEFENDANT MARTIN SHOULD NOT BE DISMISSED

Now come the defendants in the above-referenced matter and oppose plaintiff's Show Cause why Claims against Defendant Martin Should not be Dismissed (document number 65). The grounds for this Opposition are as follows:

1. The United States Marshall Service attempted service on C.O. Martin at MCI-Concord on September 13, 2006. See US Marshall Process Receipt and Return for Summons (document number 43).

2. The US Marshall Service was informed by staff at MCI-Concord that C.O. Martin was deceased. Service was not accepted for C.O. Martin. See US Marshall Process Receipt and Return for Summons (document number 43).

3. The Federal Rules of Civil Procedure address serving the individual personally or leaving copies at the individual's usual place of abode. See Fed.

---

[1] The Opposition to Plaintiff's Show Cause why Claims against Defendant Martin Should not be dismissed is being filed on behalf of the following defendants: Kathleen M. Dennehy, James R. Bender, Timothy Hall, John Marshall, Veronica Madden, Ronald T. Duval,; Kristie Ladouceur, Peter Pepe, David Nolan, Ann Marie Aucoin, Luis Spencer, Daniel Sullivan, Kimberly Kenny, Lois Russo, John Luongo, Darrin C. Payne, Karen Dinardo, Officer Pare, and Officer Dragone.

    R. Civ. P. 4(e)(2). The Federal Rules of Civil Procedure do not have a provision for serving a summons and complaint on a dead person.

4. Plaintiff's Complaint is a civil rights action brought under 42 U.S.C. §1983. In his Show Cause why Claims against Defendant Martin Should not be Dismissed, plaintiff argues that "the state is liable to the plaintiff for the injuries caused by their employee." See US Marshall Process Receipt and Return for Summons (document number 43). The Supreme Court has determined that neither a State nor its agencies nor officials acting in their official capacities are 'persons' for purposes of liability under 42 U.S.C. § 1983. <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 71 (1989) ("state officials sued for damages in their official capacities are not "persons" for purposes of the suit because they assume the identity of the government that employs them"); <u>Hafer v. Melo</u>, 502 U.S. 21, 25-28 (1991) (state officials may be held personally for damages for actions taken in their official capacities only if they are sued in their individual capacities).

5. Neither the state of Massachusetts nor the Department of Correction is liable for any alleged civil rights violations for which C.O. Martin may have been responsible. Therefore, all of plaintiff's claims against C.O. Martin should be dismissed.

WHEREFORE, the defendants respectfully request that this Court deny plaintiff's Show Cause why Claims against Defendant Martin Should not be Dismissed (document number 65) and dismiss all claims against C.O. Martin.

Respectfully submitted,

DEFENDANTS,
By their attorney,

NANCY ANKERS WHITE
Special Assistant Attorney General

Date: June 20, 2007

/s/ Daryl F. Glazer
Daryl F. Glazer, Counsel
Department of Correction
Legal Division
70 Franklin Street, Suite 600
Boston, MA  02110-1300
(617) 727-3300, ext. 102
BBO #567138
Dfglazer@doc.state.ma.us