UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FELIPE FOWLKES,<br>　　　Plaintiff,<br><br>v.<br><br>KATHLEEN M. DENNEHY, et al.,<br>　　　Defendants. | C.A. No. 05-11749-JLT |

## DEFENDANTS'[1] MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 41(B)

Now come the defendants in the above-referenced matter and move to dismiss plaintiff's Complaint pursuant to Fed. R. Civ. P. 41(b). The grounds for this Motion are as follows:

1. On May 17, 2007, this Court issued an Order that:

   > Plaintiff shall file a brief chart which clarifies the Second Amended Complaint by simply setting forth: (1) the name of each Defendant, (2) identifying the specific cause of action against that Defendant, (3) the date(s) upon which the alleged act(s) occurred; and (4) the specific institution at which the acts occurred.

   See Court's Order of May 17, 2007.

2. On June 20, 2007 plaintiff filed a ninety-four (94) page document entitled Definite Statement on Each Defendant (document number 68), which fails to comply with this Court's Order of May 17, 2007.

3. Plaintiff's Definite Statement on Each Defendant (document number 68) contains no chart as ordered by this Court. The pleading also fails to contain

---

[1] The Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) is being filed on behalf of the following defendants: Kathleen M. Dennehy, James R. Bender, Timothy Hall, John Marshall, Veronica Madden, Ronald T. Duval,; Kristie Ladouceur, Peter Pepe, David Nolan, Ann Marie Aucoin, Luis Spencer, Daniel Sullivan, Kimberly Kenny, Lois Russo, John Luongo, Darrin C. Payne, Karen Dinardo, Officer Pare, and Officer Dragone.

"the date(s) upon which the alleged act(s) occurred" and "the specific institution at which the acts occurred". See Court's Order of May 17, 2007.

4. Plaintiff's Definite Statement on Each Defendant (document number 68) fails to clarify his Amended Complaint. The Definite Statement on Each Defendant (document number 68) is extremely confusing and basically states the same claims for each defendant, even though each defendant has a distinct job title and the defendants work at several different locations. For example, plaintiff appears to bring all of his claims against David Nolan, the Superintendent of MCI-Cedar Junction. See Definite Statement on Each Defendant (document number 68), ¶¶69-70. Plaintiff's claims against MCI-Cedar Junction Superintendent Nolan include the time plaintiff was at another institution, MCI-Concord. See Definite Statement on Each Defendant (document number 68), ¶69.

5. Some paragraphs in the Definite Statement on Each Defendant (document number 68) are two to three pages long. See e.g., Definite Statement on Each Defendant (document number 68), ¶¶70, 74, and 76. Plaintiff also fails to identify at which institution(s) some of the defendants work. See e.g., Definite Statement on Each Defendant (document number 68), claims against Daniel Sullivan and Kimberly Kenney, ¶¶73-76.

6. Federal Rule of Civil Procedure 41(b) provides that "[f]or failure of the plaintiff to prosecute or comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant". The plaintiff is bound by the Federal Rules of Civil Procedure.

Plaintiff's Definite Statement on Each Defendant (document number 68) fails to comply with this Court's Order of May 17, 2007 and thus should be dismissed. See <u>Brown v. Despaigne et al.</u>, 203 F.R.D. 114, 115 (S.D.N.Y. 2001) ("dismissal of an action can be appropriate when a party, even a pro se litigant, has failed to comply with court orders . . . when such failure is willful or in bad faith").

7. This Court's Order of May 17, 2007 was very clear with specific instructions for the plaintiff to follow in order to clarify his Complaint. Plaintiff willfully chose to ignore this Court's orders and as a result made his claims more confusing and nearly impossible for the defendants to prepare an adequate response to those claims, and, as such, his Complaint should be dismissed.

WHEREFORE, the defendants respectfully request that this Court dismiss plaintiff's Complaint pursuant to Fed. R. Civ. P. 41(b) for plaintiff's failure to comply with this Court's May 17, 2007 Order.

Respectfully submitted,

DEFENDANTS,
By their attorney,

NANCY ANKERS WHITE
Special Assistant Attorney General

Date: June 25, 2007

/s/ Daryl F. Glazer
Daryl F. Glazer, Counsel
Department of Correction Legal Division
70 Franklin Street, Suite 600
Boston, MA  02110-1300
(617) 727-3300, ext. 102
BBO #567138
Dfglazer@doc.state.ma.us