UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FELIPE FOWLKES,                    )
        Plaintiff,                 )
                                   )    C.A. No. 05-11749-JLT
        v.                         )
                                   )
KATHLEEN M. DENNEHY, ET AL.,       )
        Defendants.                )
                                   )

MEMORANDUM AND ORDER

TAURO, D.J.

        Now before this Court are various pending matters.  Upon
review of the record, the following Order is hereby made:

1.    The Defendant's Motions to Dismiss (##52, 59)

        Defendant Anderson has filed both a Motion to Dismiss (#52)
and an Amended Motion to Dismiss (#59) based on failure to
effectuate service under Fed. R. Civ. P. 12(b)(5).  It appears
Plaintiff mailed his proof of service on June 1, 2007, although
the Court did not receive the filing until June 7, 2007.  See
Proof of Service (#58).  The Court credits a good faith attempt
by Plaintiff to comply with this Court's Memorandum and Order
(#57) with respect to proof of service.   Therefore Defendant's
Motion to Dismiss (#52) and the Amended Motion to Dismiss (#59)
are both DENIED without prejudice.

2.    Dismissal of Defendant Martin

        Although Plaintiff initially indicated that he did not
object to the dismissal of Defendant Martin (who is deceased),
see Proof of Service (#58), he apparently has changed his mind
and has now filed a show cause Response (#65) indicating that he

does, in fact, object to the dismissal of Defendant Martin.  He
alleges that Martin acted under color of state law when he used
force against him in 2004, and he asserts that "the state" is
liable for his actions regardless of whether Martin is deceased
or not.  However, Plaintiff has not shown that he effectuated
service on Martin before his demise, nor has he sought to
substitute the authorized representative of Martin's estate as a
Defendant.  Rather, Plaintiff's response is directed solely to
the liability of "the state," and not the liability as to
Defendant Martin.  Moreover, to the extent that Plaintiff is
asserting a claim against the "state" (or the Department of
Corrections for that matter) based on a *respondeat superior*
theory of liability (*i.e.,* because the state is the employer),
such claim is not cognizable because (1) the state is not named
as a party to this action; (2) the state is entitled to sovereign
immunity from a damages claim; (3) the state is not a "person"
under § 1983; and (4) there is no *respondeat superior* liability
under § 1983.

    Accordingly, the Court finds the show cause response (#65)
to be deficient.  Therefore, it is hereby Ordered that Defendant
Martin is dismissed as a party to this action, without prejudice.
Finally, to the extent Plaintiff is attempting to assert a new
claim against the state, his show cause response is not the
proper vehicle to do so.  He must seek leave to file a Third
Amended Complaint to assert the claim against the state, in
compliance with the Court's Local Rules, or he must file a

2

separate civil action (and comply with the fee requirements for a new civil action).[1]

3.  <u>Motion for Extension of Time to July 31, 2007 to File Definite Statements (#62)</u>

Plaintiff filed a Motion for an Extension of time to July 31, 2007 to File Definite Statements (#62) seeking additional time to prepare the response in accordance with this Court's Order, on the grounds that he has limited access to the library and legal supplies, he is being held in administrative segregation, and he is litigating three cases *pro se*.

On June 20, 2007, Plaintiff filed his More Definite Statement (#68).

Accordingly, Plaintiff's Motion for an Extension of time to July 31, 2007 to File Definite Statements (#62) is hereby DENIED as moot.

4.  <u>Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(B)</u>

As noted above, Plaintiff's More Definite Statement (#68) does not comport with this Court's Memorandum and Order (#57). The pleading is in excess of 90 pages, contains paragraphs which are pages long, and fails to provide in any meaningful fashion, the type of information necessary for the Defendants to file a meaningful response.  In short, the pleading is not in compliance with this Court's prior Memorandum and Order (#57) directing

---

[1]If Plaintiff files a motion for leave to amend the complaint, he must demonstrate why such amendment would not be futile, in light of the apparent lack of a cognizable claim, as noted above.

Plaintiff to file a <u>brief</u> chart.  Defendants have filed a motion
to dismiss on these grounds.

This Court was well aware of Plaintiff's proclivity to file
voluminous and unorganized pleadings, and thus specifically set
the parameters of the response expected from him, in order to put
this case in a posture to reach the merits of this action.  While
the Court is disturbed by the lack of compliance with the
directives, dismissal of this action at this juncture is deemed
to be a draconian measure.  However, Plaintiff's More Definite
Statement (#68) is hereby STRICKEN.  The Court will permit
Plaintiff one further opportunity to file a More Definite
Statement in accordance with the Memorandum and Order (#57).  It
is hereby Ordered that within 30 days of the date of this
Memorandum and Order, Plaintiff shall file a brief chart
containing the relevant information as previously directed.[2]
The document <u>shall not exceed seven (7) pages.</u>

Plaintiff is warned that strict compliance with this
directive is mandated, and he will not get a third bite at the
apple, nor will the Court permit any extensions of the 30 day

---

[2]While the Plaintiff need not use a particular format to comply
with these directives, the Court suggests the following chart may
be used as a template.

| Name of Defendant | Cause of Action | Date of Action | Place of Action | Brief Description of Event |
|---|---|---|---|---|
|  |  |  |  |  |

deadline, nor any further opportunities to amend the More Definite Statement by asserting any additional claims or parties not contained in the operative complaint in this action.[3] Plaintiff is also advised that failure to comply with these directives will result in a dismissal of this action <u>with</u> prejudice, as a sanction.[4]

In light of the above, the Court DENIES Defendants' Motion (#69) without prejudice.

SO ORDERED.

                              /s/ Joseph L. Tauro
                              JOSEPH L. TAURO
                              UNITED STATES DISTRICT JUDGE

DATED: June 25, 2007

---

[3]For purposes of the filing deadline, the Court will consider that Plaintiff has filed his pleading upon mailing from the prison.

[4]<u>See</u> <u>Torres-Vargas v. Pereira,</u> 431 F. 3d 389, 393 (1st Cir. 2005)("Where... the court appropriately forewarns a plaintiff of the consequences of future noncompliance with an unambiguous order, the court need not exhaust less toxic sanctions before dismissing a case with prejudice"); <u>Rosario-Diaz v. Gonzalez</u>, 140 F.3d 312, 315 (1st Cir. 1998). <u>See also</u> <u>Benitez-Garcia v. Gonzalez-Vera</u>, 468 F.3d 1,4 (1st Cir. 2006)(except for contempt, dismissal is the harshest sanction).