UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS:

Felipe Oteze Fowlkes,
       Plaintiff,
vs.

Kathleen M. Dennehy, et., al.,
       Defendants.

FILED
IN CLERKS OFFICE
2007 JUN 29 PM 12:49
U.S. DISTRICT COURT
DISTRICT OF MASS.

Civil Action
#05-CV-11749-JLT

## Plaintiff's Opposition to Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 41(B)

Now comes the Plaintiff in the above entitled action in opposition to defendants' motion to Dismiss Pursuant to Fed.R.Civ.P. 41(B) and shows that:

1. The defendants are not entitled to a dismissal of the action under Fed.R.Civ.P. 41(B). Instead, according to the Court's May 17, 2007, Order, the defendants are required to respond to the Complaint within 20 days of receipt of the "Definite Statements."

2. The definite statements as to each defendant complies with the Court's Order. Due to the nature of the allegations and the involvement and conduct alleged against 22 defendants, the definite statements cannot be simplified or clarified any better than that.

-1-

3. The defendants motion to dismiss on these grounds are frivolous and displaced in that: the defendants sole claim that "plaintiff was at another institution when the acts he alleges against defendant David Nolan occured" is an argument reserved for defendants' responsive pleadings to the complaint and cannot be made the basis for a dismissal motion under Rule 41(B). Moreover, defendants claim that plaintiff was at another institution at the time when acts he alleges against defendant Nolan occured, contradicts their own claim that plaintiff's definite statement pleadings does not contain "the dates upon which the alleged acts occured" and "the specific institution at which the acts occured." If plaintiff's pleadings did not contain such "times" and "place" the defendants would not be able to make such a frivolous claim.

4. Pro Se complaints are held to less stringent standards than formal pleadings drafted by attorneys and unless it appears beyond doubt that pro se plaintiff can prove not set of facts in support of his claims which would entitle him to relief, the complaint should not be dismissed

And pro se plaintiff is entitle to an opportunity to offer proof. Haines v. Kerner 92 S.Ct. 594, 596 (1972)

Dated: June 26, 2007.

Respectfully Submitted,

*Felipe Oteze Fowlkes*
Felipe Oteze Fowlkes #W84202
Souza-Baranowski Cor. Ctr.
P.O. Box 8000
Shirley, MA 01464

## CERTIFICATE OF SERVICE

I, Felipe Oteze Fowlkes, Plaintiff, Pro Se, certify that I have caused a true written copy of the foregoing opposition to be served by pre-paid first class mail on defendants' attorney, Daryl F. Glazer, D.O.C. Legal Division, 70 Franklin St., Suite 600, Boston, MA 02110.

Dated: June 26, 2007.

*Felipe Oteze Fowlkes*
Felipe Oteze Fowlkes

-3-