UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FELIPE FOWLKES,                )
        Plaintiff,            )
                              )      C.A. No. 05-11749-JLT
        v.                    )
                              )
KATHLEEN M. DENNEHY, ET AL.,   )
        Defendants.          )
                              )

MEMORANDUM AND ORDER FOR DISMISSAL AS A SANCTION

TAURO, D.J.

On May 17, 2007, a Memorandum and Order (#57) issued,
directing Plaintiff to file a More Definite Statement.  On June
20, 2007, Plaintiff filed a 94 page More Definite Statement
(#68).  On June 25, 2007, a further Memorandum and Order (#72)
issued, finding Plaintiff's More Definite Statement (#68) failed
to comply with this Court's directives.  As a result, the More
Definite Statement (#68) was stricken as a sanction (in lieu of
dismissal, as the Defendants had requested).  At that time the
Court expressed its concern about Plaintiff's lack of compliance,
but nevertheless afforded Plaintiff a second opportunity to
comply with the directives and to file a brief More Definite
Statement, limited to seven (7) pages.  In the alternative,
Plaintiff was permitted to use a chart provided by the Court as a
template to assist him in this endeavor.  Plaintiff was expressly
warned that strict compliance with the Court's directives was
mandated, and that failure to comply would result in a dismissal
with prejudice.

Thereafter, on July 18, 2007, Plaintiff filed a Motion to
Enlarge the Number of Pages (#77) and also filed his (second)

More Definite Statement (#78), consisting of 48 pages.  On August 27, 2007, this Court denied Plaintiff's Motion for Leave to File Excess Pages (#77).  Defendants have again requested dismissal of this action as a sanction for violating the Court's prior Orders. See Opposition (#80).

<u>DISCUSSION</u>

While the Court credits that Plaintiff has made attempts to encapsulate his claims, reducing his More Definite Statement from 94 pages to 48 pages, the Court nevertheless cannot find that the filing of a 48 page More Definite Statement complies in any way, shape, or form with this Court's clear directives.  First, a review of the document reveals that Plaintiff's claims are more obfuscated than previously presented.  He merely lists dates and places separately and then a presents a laundry list of grievances.  He does not link specific dates, places, and causes of action as required.  Without reiterating every deficiency in the pleading, it suffices to say that Plaintiff has not presented his claims in a manner which would permit any Defendant to file a meaningful response at this juncture.

Apart from the deficiencies in the document itself, however, the Court cannot turn a blind eye to the Plaintiff's purposeful failure to comply with the Court's directives with respect to page limits.  The fact that Plaintiff filed a Motion for Leave to File Excess Pages does not provide a shield to protect him from the imposition of severe sanctions, nor does the fact that he is a prisoner proceeding *pro se* provide such protection either, where the filing was, undoubtedly, made by Plaintiff in

2

contravention to this Court's express Orders.

Further, this Court expended substantial judicial resources in deciphering Plaintiff's numerous filings and issuing several Memorandum and Orders in an effort to provide Plaintiff with guidance and specific directions on how he must tailor his pleadings in order for this case to proceed.[1]  See Orders (## 9, 20, 57, 72).  At this juncture, no further opportunities to plead his case properly are warranted.  As noted above, Plaintiff was also warned that non-compliance would result in sanctions, including dismissal with prejudice.  These directives, and the Court's warning, were unambiguous.

In light of the above, the Court has given serious consideration as to what the most appropriate sanction should be under the circumstances presented here.  Whereas this Court previously found that dismissal was too draconian a measure, the Court has reconsidered whether dismissal is appropriate at this time based on the recent contumacious behavior by the Plaintiff, and based on considerations of the undue burden placed on Defendants with respect to litigation costs in defending this action and seeking the filing of a pleading from which Plaintiff's claims could be culled out.

The United States Court of Appeals for the First Circuit

---

[1]This Court could have dismissed this action without prejudice earlier in the litigation, for failure to state cognizable claims in accordance with Fed. R. Civ. P. 8(a), and under the authority of 28 U.S.C. § 1915 and § 1915A, but opted to permit the case to proceed and summonses to issue.  Mindful of the pleading deficiencies, this Court noted that permitting the case to proceed was without prejudice to any Defendant filing a Motion under Fed. R. Civ. P. 12(e).  See Memorandum and Order (#20).

("First Circuit") has stated:

> To be sure, dismissal orders typically are measures of
> last resort, reserved for extreme cases.  But we have
> held that a party's disregard of a court order is a
> paradigmatic example of extreme misconduct.  See Young,
> 330 F.3d at 81; Tower Ventures, 296 F.3d at 46. Using
> dismissal as a sanction in such a case recognizes the
> court's strong interest in maintaining discipline and
> husbanding scarce judicial resources; after all, such a
> sanction not only serves to punish the noncompliant
> litigant but also acts as a deterrent to those who
> might be tempted to emulate a bad example.  See Nat'l
> Hockey League, 427 U.S. at 643, 96 S.Ct. 2778.

Torres-Vargas v. Pereira, 431 F. 3d 389, 393 (1st Cir. 2005).

The First Circuit further stated:

> It is settled law that a party flouts a court order at
> his peril.  Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315
> (1st Cir. 1998).  Where... the court appropriately
> forewarns a plaintiff of the consequences of future
> noncompliance with an unambiguous order, the court need
> not exhaust less toxic sanctions before dismissing a
> case with prejudice.  See, e.g. Young, 330 F.3d at 82;
> HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas,
> Inc., 847 F.2d 908, 918 (1st Cir. 1988).

Torres-Vargas, 431 F. 3d at 393.

In view of the above, dismissal of this action seems to be
an appropriate sanction.  On the other hand, the Court is mindful
that a sanction of dismissal should be limited to extreme cases
presenting outrageous behavior.  Benitez-Garcia v. Gonzalez-Vera,
468 F.3d 1, 4 (1st Cir. 2006)(except for contempt, dismissal is
the harshest sanction).  "[Dismissal as a sanction] is reserved
for cases of "extremely protracted inaction (measured in years),
disobedience of court orders, ignorance of warnings, contumacious
conduct, or some other aggravating circumstance."  Id. citing

<u>Cosme Nieves v. Deshler</u>, 826 F.2d 1, 2 (1st Cir. 1987).[2]

Here, the Court cannot find that the conduct of the Plaintiff was protracted, vexatious or abusive, or that there was a repeated flouting of Court Orders.  Nevertheless, Plaintiff clearly disobeyed  unambiguous Orders, and some severe sanction is warranted.  While this case presents a close call, the Court finds itself limited as to the types of sanctions available under these circumstances, particularly where Plaintiff is unable to pay a monetary sanction to the Court, nor can he reimburse Defendants for undue costs incurred by them.[3]

On the balance, the Court finds that dismissal is warranted, however, the dismissal should be <u>without</u> prejudice. As a practical matter, should Plaintiff seek to re-file any portion of this litigation, he will be subject to the Prison Litigation Reform Act's ("PLRA") requirements with respect to payment of the $350.00 filing fee (albeit payable in installments

---

[2]A dismissal should not be with prejudice unless "a plaintiff's misconduct is particularly egregious or extreme." <u>Benitez-Garcia</u>, 468 F.3d at *5 <u>quoting</u> <u>Benjamin v. Aroostook Med. Ctr., Inc.</u>, 57 F.3d 101, 107 (1st Cir. 1995).

[3]The Court has considered the several factors as outlined in <u>Benitez-Garcia</u>,468 F.3d at *5 and in <u>Malot v. Dorado Beach Cottages Associates</u>, 2007 WL 549110 (1st Cir. 2007)(discussing the use of dismissal as a sanction).  These factors include, but are not limited to considerations of "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness *vel non* of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions, as well as a procedural dimension affording the litigant an opportunity to demonstrate good cause for the non-complying behavior.  <u>Benitez-Garcia</u>, 468 F.3d at 5.

pursuant to 28 U.S.C. § 1915(b)).[4]   Thus, dismissal without prejudice may result in a *de facto* monetary consequence to the Plaintiff, but his right to pursue civil rights claims is not materially prejudiced (provided, of course, that he presents his claims in a cognizable manner in accordance with Fed. R. Civ. P. Rules 8(a) and 10).[5]   The Court deems this to be the least severe sanction which could be imposed on the Plaintiff to send a message that strict compliance with this Court Orders is required.

CONCLUSION

Based on the foregoing, this action is hereby DISMISSED <u>without</u> prejudice.[6]

SO ORDERED.

<u>/s/ Joseph L. Tauro</u>
JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE

DATED: September 10, 2007

---

[4]Plaintiff is also advised that he is subject to the exhaustion requirements of the PLRA.

[5]If Plaintiff refiles this action, he shall indicate on his filings that the action is related to this action, and the Clerk's Office shall directly assign the new action to this Court.  Further, since the complaint will be subject to a preliminary screening, Plaintiff is advised to take heed to tailor his pleading as previously instructed, or that new action will be subject to dismissal under Fed. R. Civ. P. 8(a).

[6]In light of this dismissal, Plaintiff's Motion for a Scheduling Order (#79) is hereby DENIED.